EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PETRA CRUZ DE AYBAR, acusada y apelante.

Núm. 7244.—*Sometido:* Noviembre 29, 1938. *Resuelto:* Diciembre 23, 1938.

*Celestino Iriarte, F. Fernández Cuyar y H. González Blanes,* abogados de la apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La única cuestión envuelta en este caso es si la acusada estuvo expuesta dos veces por el mismo delito (*double jeopardy*). Los hechos que dieron lugar a la controversia, y que han sido aceptados por ambas partes, fueron los siguientes:

"En septiembre 26 de 1936 a las nueve de la mañana ante la Corte Municipal de San Juan, abierta la sesión, se llamó el caso de El Pueblo de Puerto Rico contra Petra Cruz de Aybar y otros, para celebrar el juicio de dichos acusados correspondiente a la denuncia presentada contra ellos por una supuesta infracción de las secciones 3 y 4 de la Ley número 25 de 17 de julio de 1935. (Leyes de 1935, (2) pág. 153).

"Luego de llamarse el caso para la celebración del juicio; de comparecer personalmente dicha Petra Cruz de Aybar y demás

acusados—debidamente representados por su abogado, Lcdo. E. H. F. Dottin—y de anunciarse por la representación que dichos acusados estaban listos para entrar a juicio, se dió formalmente comienzo al mismo en la siguiente forma: Se leyó la acusación, hicieron los acusados alegación de 'no culpables' y juramentados los testigos, se procedió entonces a oír y se oyó gran parte de la declaración del testigo de cargo Raimundo Santiago, presentándose en el curso de dicha declaración y admitiéndose por el juez toda la evidencia documental y real. Terminó el examen directo del testigo, y estando así celebrándose el juicio y mientras dicho testigo era repreguntado por la defensa se personó en sala el Lcdo. Jesús González e interrumpiendo el proceso de una manera informal y oralmente solicitó de la corte la descontinuación del mismo por razón de habérsele informado que el fiscal de distrito, Sr. Romany, intentaba comparecer para intervenir en la causa y no lo había podido hacer oportunamente por haber salido para el pueblo de Carolina en una investigación. El tribunal inmediatamente, a pesar de la protesta y tenaz oposición de los acusados, quienes solicitaban la continuación del juicio (que estaba en toda su plenitud y a cuyos resultados estaban expuestos) e invocaban, a la vez, su derecho a un juicio rápido, descontinuó el mismo y lo señaló para el día 13 de octubre de 1936 a las nueve de la mañana.

"En dicho día comparecieron los acusados, procediéndose a leérseles de nuevo la acusación, comenzándose el juicio por segunda vez. Al leérseles la acusación y requerir la Corte a los acusados para que hicieran alegación contra la misma éstos hicieron, por escrito, la alegación técnicamente necesaria que envuelve la defensa de 'former jeopardy' y a la vez negaron la acusación. El tribunal desestimó la alegación de 'former jeopardy' y, con la oposición de los acusados, volvió de nuevo (esta vez estando presente el fiscal Sr. Romany) a comenzarse la introducción de y se introdujo la evidencia de cargo. Declaró, por segunda vez, lo que, en el juicio anterior, había declarado, el testigo Raimundo Santiago. Se presentó y admitió nuevamente toda la prueba documental y real, que se presentara y admitiera el día 26 de septiembre, terminando El Pueblo en esta ocasión el juicio y absolviendo la corte a todos los acusados a excepción de Petra Cruz de Aybar."

En apelación para ante la corte de distrito se reprodujo la alegación de haber sido expuesta anteriormente por el mismo delito y una vez más la corte la rechazó. La acu-

.sada fué juzgada y convicta. La certeza de la anterior reso-lución sirve de base al único señalamiento de error señalado en apelación, y el fiscal de este tribunal se allana a que se revoque la sentencia.

De conformidad con los hechos anteriormente expuestos tenemos que resolver que la acusada fué indebidamente ex-puesta dos veces por el mismo delito y que en su consecuen-cia debe ser exonerada del pago de la multa de $200 impués-tale. Entre las autoridades que sostienen este criterio pue-den hallarse los casos de *McCarthy* v. *Zerbst,* 85 F. (2d) 640; *Rosser* v. *Commonwealth,* 167 S. E. 257; *Pueblo* v. *Benítez,* 19 D.P.R. 246.

*Debe revocarse la sentencia y absolverse a la acusada.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.