Eʟ Pᴜᴇʙʟᴏ ᴅᴇ Pᴜᴇʀᴛᴏ Rɪᴄᴏ, demandante y apelado, *v.*
Rᴇɪɴᴀʟᴅᴏ Rᴜɪᴢ Gᴏɴᴢáʟᴇᴢ, acusado y apelante.

Núm. 11309.—*Sometido:* Mayo 7, 1946. *Resuelto:* Mayo 28, 1946.

*José Rafael Gelpí,* abogado del apelante; *Hon. Procurador General E.
Campos del Toro, Luis Negrón Fernández, Primer Procurador
General Auxiliar,* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal
Supremo,* abogados de El Pueblo, apelado.

Eʟ Jᴜᴇᴢ Pʀᴇsɪᴅᴇɴᴛᴇ Sᴇñᴏʀ Tʀᴀᴠɪᴇsᴏ emitió la opinión del
tribunal.

El apelante fué convicto de un delito de robo. Apela de
la sentencia de dos años y seis meses de presidio que le fuera
impuesta y señala como único error cometido por la corte
sentenciadora el de haber declarado sin lugar la alegación
de exposición anterior (*former jeopardy*), presentada al ser
llamado el caso para juicio el 12 de julio de 1945.

La referida alegación dice así:

"El acusado alega haber sido ya expuesto y condenado del delito
imputádole, según lo resolvió este Tribunal de Distrito de Aguadilla
el día 9 de abril de 1945, mientras presidía el Tribunal el Hon. Do-
mingo Massari, Juez en Comisión."

De acuerdo con la transcripción de la evidencia, el incidente se desarrolló así:

Declaró el Secretario de la Corte de Distrito, que el 9 de abril de 1945 al ser llamado el caso para la celebración del juicio ante el Juez Massari, se dió lectura a la acusación y el acusado reiteró su alegación de no culpable. El fiscal ofreció en evidencia la confesión escrita del acusado, sin objeción por parte de la defensa. Acto seguido el acusado retiró su alegación de inocencia y se declaró culpable del delito de robo imputádole en la acusación. La corte lo declaró convicto, y señaló el siguiente día para el pronunciamiento de la sentencia. De la minuta aparece lo que sigue:

"Hoy, 10 de abril de 1945, día señalado para dictar sentencia en esta causa, al tener conocimiento el Hon. Domingo Massari, Juez en Comisión, de que la alegación de culpabilidad del acusado hecha en el día de ayer obedeció a su creencia de que se le impondría la pena mínima, por las razones expuestas en la resolución escrita unida a los autos le permite retirar dicha alegación, quedando el caso pendiente para su vista y se inhibe de conocer de esta causa, señalándola para el día 24 de abril de 1945."

El Lic. Gelpí, abogado del acusado, después de corroborar lo declarado por el Secretario, declaró: que al ser llamado el caso él le manifestó al Juez que no había impedimento legal alguno para que se impusiese la pena al acusado y que éste estaba listo para que se dictara la sentencia. Que el Juez le preguntó si el acusado tenía en mente que se le impondría la pena mínima y él le contestó que no podía saber lo que el acusado tenía en mente. Que el Juez lo invitó a que hiciese una moción para que se diera por no actuado todo lo ocurrido en el día anterior y él se negó a complacerlo; que al ordenarle el Juez que hiciera una moción en ese sentido, él le informó que no podía acatarla; y que entonces el juez dictó una orden dejando sin efecto todo lo actuado el día anterior. Que en corte abierta y ante el Juez Massari se hicieron manifestaciones de que el acusado al de-

clararse culpable estaba bajo la impresión de que se le habría de imponer una pena mínima y el Juez negó rotundamente que él hubiese prometido pena alguna al acusado.

El abogado defensor alegó entonces que "después de consultar la prueba en este caso este abogado a nombre del acusado renuncia a la cuestión de exposición y convicción anterior . . ., por entender que es mejor a los derechos del acusado no levantar esta cuestión, que posiblemente esté viciada de nulidad"; y solicitó permiso para retirar dicha defensa. La corte denegó el permiso y procedió a oír la declaración de Agustín Hernández, taquígrafo de la corte, quien leyendo de las notas tomadas por él en la sesión del 10 de abril de 1945, informó, en síntesis, como sigue: El Juez dirigiéndose al acusado le dijo: "la Corte quiere saber si Ud. en realidad ratifica su declaración de culpabilidad en este caso o no", a lo que respondió el acusado: "Sí señor; siempre y cuando que haya una consideración". La Corte hizo constar que los acusados no pueden imponer condiciones a la Corte y que cuando un acusado se declara culpable asume las consecuencias de la pena que pueda imponérsele; y volvió a preguntar al acusado si después de haber oído las manifestaciones de la Corte ratificaba su declaración de culpabilidad, contestando el acusado afirmativamente. Preguntó entonces el Juez "si hay algún motivo que impida dictar sentencia en este caso". Contestó el abogado defensor que su defendido le había manifestado que hay impedimento y "que él no está conforme con que se dicte sentencia en este caso a menos que no se le imponga el mínimum de la pena". Negóse la corte a aceptar las condiciones impuestas por el acusado y concedió a éste permiso para retirar su alegación de culpabilidad y proteger así sus derechos, y añadió: "La Corte lo que quiere aclarar es que si el acusado equivocadamente ha estado en la creencia de que se le iba a imponer determinada pena, y creyendo que se le iba a imponer esa pena que él tiene en su pensamiento fué que se

declaró culpable, la Corte quiere darle la oportunidad de que retire su alegación de culpabilidad y así él queda libre para hacer la alegación que él crea conveniente a su derecho''. Continuó la discusión entre el abogado y el Juez y éste la terminó resolviendo que la corte no podía aceptar la alegación de culpabilidad del acusado por no ser una declaración libre, espontánea y voluntaria. La corte se abstuvo de dictar sentencia y señaló el caso ''para la continuación de la vista del mismo'', dejando sin efecto todo lo actuado, incluyendo la admisión que el acusado hiciera de su propia confesión.

No erró la corte inferior al declarar sin lugar la defensa de exposición anterior. La resolución del Juez Massari dejando sin efecto la alegación de culpabilidad y la convicción del acusado fué en efecto una declaración de nulidad de todo lo actuado y la concesión de un nuevo juicio. Los derechos substanciales del acusado no fueron afectados en modo alguno y quedaron debidamente protegidos. El caso de *Pueblo* v. *Petra Cruz de Aybar,* 54 D.P.R. 42, en que descansa el apelante, no es de aplicación a los hechos del presente. Allí, después de comenzado el juicio y de haberse examinado el primer testigo de cargo, la corte de su propia moción y en contra de la oposición de la acusada suspendió la vista y señaló el caso para ser visto en otra fecha, en la cual se volvió a dar comienzo al juicio. La situación en el caso de autos, creada por las actuaciones del propio acusado, es distinta. No hubo doble exposición.

*La sentencia recurrida está justificada por la prueba y debe ser confirmada.*