## COMMONWEALTH *vs.* JAMES SCOTT.

### Suffolk. April 4. — September 6, 1876.

A *nolle prosequi* of an indictment cannot be entered during the trial, without the consent of the defendant.

Upon the trial of an indictment charging several offences of a similar character in several counts, a witness for the government testified in support of each of the charges, and at the close of his testimony the attorney for the government offered to enter a *nolle prosequi*, or to consent to a verdict for the defendant, upon one of the counts. *Held,* that this offer did not debar the defendant from cross-examining the witness upon that count for the purpose of afterwards contradicting his testimony.

INDICTMENT in three counts for three distinct larcenies from three different persons, at different times.

At the trial in the Superior Court, before *Colburn,* J., William J. Flynn was called by the government as a witness, and testified to facts tending to connect the defendant with each of the larcenies. After Flynn had testified, it appeared that the name of the owner of the property described in the third count in the indictment was erroneously stated in that count, and the district attorney stated that he withdrew the charge in that count, and offered to enter a *nolle prosequi* upon it, or consent that a verdict of not guilty should be rendered on that count, and offered no further evidence upon it.

After the testimony for the government was in, and before the defendant's case was opened, the defendant recalled Flynn for cross-examination, and asked him if he had not given to one McCausland a different account of his knowledge of the property described in said third count from that which he had given at the trial; he said that he had. The counsel for the defendant was proceeding to examine him as to the statement made to McCausland, when the district attorney objected; and, upon being asked his purpose by the court, the counsel for the defendant stated that he desired to examine the witness as to his statements to McCausland, and then contradict him by McCausland, for the purpose of showing that he had made statements to McCausland as to his knowledge of the property described in the third count inconsistent with the testimony he had already given. The judge ruled that the defendant was no longer on trial on the third

count, and that the course proposed was not competent, and the witness was no further examined.

The jury returned a verdict of guilty on the first count, but not guilty on the second and third counts of the indictment; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J. We are of opinion that the ruling of the learned judge in the court below was erroneous. It does not appear by the bill of exceptions that the defendant in terms objected to the entry of a *nolle prosequi*, or insisted on a verdict, on the third count; but as the jury found a verdict of not guilty on that count, it is evident that a *nolle prosequi* was not entered during the trial, and it is to be presumed that the defendant did not assent that it should be done.

Before the jury is empanelled, or after conviction, a *nolle prosequi* may be entered without the assent of the defendant; but not during the trial. It is then the right of the defendant to have the jury pass upon his case, and he is entitled to a verdict which will be a bar to another indictment for the same offence ; and a *nolle prosequi* is not a bar. At that stage of the proceedings his consent is necessary. *Commonwealth* v. *Tuck*, 20 Pick. 356, 365. *Commonwealth* v. *Kimball*, 7 Gray, 328.

The mere offer to enter a *nolle prosequi* did not therefore limit the trial to the two other counts. The defendant was still on trial upon all the counts, and he had the right to meet any evidence offered by the government in support of the charge in the indictment. The ground upon which the district attorney made this offer is immaterial, as affecting the principle involved. He might do so for any reason in his discretion ; he might because he thought the evidence insufficient, and thus discontinue for the purpose of beginning another prosecution, and subjecting the defendant to another trial for the same offence. He would thus deprive the defendant of his right to a verdict, (which would be a bar,) after the trial had begun, and against his consent. *Commonwealth* v. *Tuck*, *ubi supra*.

Nor do we think that the offer of the district attorney to consent to a verdict on this count rendered the evidence offered by the defendant incompetent. When a party is put upon trial for

several offences of a similar character, charged in several counts in one indictment, it is proper for one witness to testify to all the charges, if within his knowledge; and it would be clearly competent for the defendant to contradict the testimony of such witness upon any one count, not only for the purpose of discrediting his testimony on that count, but for the purpose of affecting his general credibility as a witness. The testimony, though relating to different offences, is yet the testimony of one witness, and must, so far as the credibility of the witness is concerned, be necessarily treated as a whole, and be so weighed and considered by the jury. The government having elected to charge and prove the several offences in this manner, anything tending to impeach the credibility of the witness upon any portion of his testimony in chief must, as in other cases, affect his whole testimony.

The defendant was put on trial on all the counts; the testimony of Flynn went to the whole case; the portion applying to the third count, as well as the portions applying to the other counts, was competent when put in, and was still in the case. Having chosen to take this course, and still relying on the testimony of Flynn to sustain the other counts, the prosecuting officer could not debar the defendant from contradicting his testimony in chief in relation to the third count, and thus discrediting his whole testimony, by saying that he would withdraw that charge and assent to a verdict of not guilty on the third count. It would enable him to shield his own witness, perhaps to the serious injury of the defendant.

The evidence is not open to the objection that it related to an immaterial and collateral fact, which upon familiar principles cannot be contradicted.

This case does not present the question raised in *Commonwealth* v. *Cain*, 14 Gray, 7. The first count in that indictment charged the defendant with being a common seller from April 1 to August 22. The other counts were for single sales during the time covered by the first count. The fourth count was for a sale on August 22, to Francis Taylor. One Murray testified to sales between April 1 and August 22, and one to himself on August 22, but did not testify to any sale, as charged in the fourth count, to Taylor; and the district attorney stated that

he did not intend to offer any evidence on that count, and did not. On cross-examination Murray testified to a sale to Taylor on August 22, as charged in the fourth count, and the defendant offered evidence to contradict him on that point; and the court held it was rightly excluded. The evidence of the sale to Taylor was introduced by the defendant on cross-examination. The government had offered no evidence upon that count, and had disclaimed all intention to support the fourth count by proof of any sale on August 22, except the sale to Murray; and any other sale on that day was held to be irrelevant and immaterial to the issue. And it was said by Mr. Justice Metcalf, that "the defendant, by cross-examining Murray as to any other sale on that day, introduced collateral and immaterial matter, and thereby, in the opinion of a majority of the court, brought himself within the settled rule, that when a question is put to a witness, which is collateral or irrelevant to the issue, his answer cannot, for the purpose of discrediting him, be contradicted by the party who asked the question." The evidence which the defendant sought to contradict was evidence introduced by himself, and not, as in the case at bar, introduced by the government. It is sufficient to point out this distinction, without considering the decision of *Commonwealth* v. *Cain* more at length.

*Exceptions sustained.*