# Richmond

## R. W. ROSSER, JR. v. COMMONWEALTH.

### January 12, 1933.

Present, All the Justices.

The opinion states the case.

*A. S. Hester,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Rosser was indicted for malicious assault, tried and convicted by the jury, and sentenced to serve one year in the penitentiary.

At the May, 1930, term of the corporation court, Rosser was indicted. On May 7, 1930, he was arraigned and entered his plea of not guilty. Thereupon, with his consent and the concurrence of the Commonwealth's attorney and of the court, a jury was waived and the case was submitted to the court without a jury for trial in accordance with section 8 of the Constitution as amended in 1928. When the evidence was partly heard the Commonwealth entered a

*nolle prosequi* to the indictment and the court dismissed it. Rosser did not consent to the entry of the *nolle prosequi* and the dismissal of the indictment.

On September 5, 1930, Rosser was again indicted for the identical crime which was charged in the prior indictment and which had been dismissed by the court. To this second indictment, Rosser filed a special plea of *autrefois acquit*. He claimed that he had been placed in jeopardy by the first trial. The Commonwealth immediately moved to strike the special plea, the court sustained the motion and it was stricken out. Rosser was again placed upon his trial before a jury under the second indictment and his conviction and sentence followed.

There are several points raised in the petition. The principal one, however, is directed at the ruling of the court in striking out the special plea. A determination of the correctness of the action of the court in this regard will render it unnecessary to decide any of the other questions presented.

Upon the motion to strike out the special plea, the Commonwealth admitted, and upon this writ of error, now concedes that the offenses charged in the first and second indictments are identical and that Rosser who now stands convicted under the second indictment is the same person who was indicted and partially tried under the first indictment which was dismissed when the *nolle prosequi* was entered. Therefore, the question becomes one of law and it is this: Has Rosser been "put twice in jeopardy for the same offense," in violation of section 8, of the Bill of Rights, and may he successfully plead the order of dismissal of the first as a bar to the prosecution under the second indictment? In other words, was Rosser placed in jeopardy under the partial trial of the first indictment?

▉ The general rule, supported by the weight of authority and the best considered cases, is that when a person has been placed on trial, on a valid indictment, before a court of competent jurisdiction, has been arraigned, has

pleaded, and a jury has been empaneled and sworn, he is in jeopardy. 16 C. J. section 364; 8 R. C. L., page 138.

██ After the jury has been sworn, if a *nolle prosequi* is entered and the indictment is dismissed without the consent of the accused, it amounts to an acquittal and bars further prosecution for the same crime unless there be manifest and urgent necessity for the entry of the *nolle prosequi*. 8 R. C. L., page 152, section 140; 16 C. J. 244, 248; *Andrews* v. *State,* 174 Ala. 11, 56 So. 998, Ann. Cas. 1914B, 760, 764; *State* v. *Slorah,* 118 Me. 203, 106 Atl. 768, 4 A. L. R. 1256; *Runyon* v. *Morrow, Judge,* 192 Ky. 785, 234 S. W. 304, 19 A. L. R. 632; *State* v. *Thompson,* 58 Utah 291, 199 Pac. 161, 38 A. L. R. 697.

The reason for this rule is found in *Commonwealth* v. *Hart,* 149 Mass. 7, 20 N. E. 310, where this is said:

"Where a prosecution is terminated during the progress of a trial by the entry of a *nolle prosequi* by the Commonwealth's attorney, with the consent of the defendant, the general right of a defendant on trial to insist upon a determination of the trial which will bar another prosecution is admitted; but it is claimed that the attorney for the Commonwealth has a right to enter a *nolle prosequi* during a trial, and leave with the defendant his right to a verdict, and that if the defendant does not insist upon that right, but accepts his discharge without a verdict, there will be no bar to another prosecution.

██ "It would seem that after the termination of a prosecution there would be nothing before the court upon which a verdict could be rendered, and that the court could do nothing except to discharge the defendant. The true rule would seem to be that after a trial has commenced the Commonwealth's attorney, though he has the power, has not the right to terminate the prosecution without a verdict, and his refusal of record to further prosecute the indictment has the effect of, and amounts to, an acquittal of the defendant, unless it is done with his consent. *Com.* v. *Roby,* 12 Pick. 496; *Com.* v. *Tuck,* 20 Pick. 356; *Com.* v.

*Scott,* 121 Mass. 33; *Com.* v. *McCormick,* 130 Mass. 61 [39 Am. Rep. 423]."

On the other hand the minority view supported by respectable authority is that although the trial has commenced, a *nolle prosequi* may be entered with the consent of court and the accused cannot thereafter plead it as a bar to a subsequent prosecution, unless at the time of the entry of the *nolle prosequi* he claims a verdict. Such cases as *State* v. *Garvey,* 42 Conn. 233, and *State* v. *Lee,* 65 Conn. 265, 30 Atl. 1110, 27 L. R. A. 498, 48 Am. St. Rep. 202, express this view.

In Virginia, in the case of *Dulin* v. *Lillard,* 91 Va. 718, 20 S. E. 821, 822, Judge Buchanan speaking for the court placed Virginia on the side of the majority using this language:

"The claim of accused that he has already been in jeopardy for the offense for which he is now in custody, is not sustained by the record. In order to make such a defense with success, the party relying upon it must show that he has been put upon his trial before a court which has jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and that a jury has been empaneled and sworn, and thus charged with his deliverance. Anything short of this, is insufficient to raise a bar against a new indictment or prosecution for the same offense. 1 Bishop's Cr. Law, sections 1014-1015; Wharton's Cr. Plead., section 517; Cooley's Const. Lim. (5th ed.), pages 399, 400."

But the Commonwealth contends that the effect of this holding was destroyed by the later case of *Com.* v. *Perrow,* 124 Va. 805, 97 S. E. 820, 822. In the *Perrow Case,* a warrant was issued by a justice of the peace charging Perrow with violation of an act which prohibited a labor agent soliciting labor without paying a license. He was convicted and fined $75.00 before the justice but upon appeal to the circuit court, he was found not guilty, the court holding that the act under which he was tried was not constitutional.

To that judgment upon an application in the name of the Commonwealth, a writ of error was granted. The main question for decision was whether the Commonwealth, in such a case, had a right to an appeal. It based its right upon the ground that the State's revenue was involved and under the pertinent constitutional and statutory provision it had the right of appeal. This contention was denied by the court. It was held that no question of the State's revenue was involved. It was said: "The avowed purpose of the appeal sought in the instant case is to obtain a reversal of the judgment, to the end that the accused may be again brought to trial; and no appeal lies for this purpose if the rule against a second jeopardy applies to the case."

It must be borne in mind that no jury had been empaneled or sworn in that case. The warrant was quashed by the circuit court.

The other point in the case was whether the doctrine of "once in jeopardy" applied to misdemeanor cases and this court held that it did.

It is therefore seen that the only questions or points before the court for decision were (1) whether the State's revenue was involved and (2) whether the doctrine of "once in jeopardy" applied to misdemeanor cases. But in the opinion is found this statement which the Attorney-General contends overrules the *Dulin Case*:

"There was no jury trial in the instant case, and we have not overlooked the fact that jeopardy, as ordinarily understood in legal parlance, refers to the danger of conviction and punishment which a defendant incurs in a criminal case where a jury has been empaneled and sworn. But we are of opinion that the spirit and purpose of the immunity intended to be secured by the doctrine in question will be violated whenever a defendant in any criminal case has been formerly tried by competent authority—whether court or jury—and discharged upon a defense constituting a bar to the proceeding, whether that defense be rested upon the law or the facts."

This statement of the law shows what is necessary before section 4773 of the Code is applicable, but we will show later that that section has no application whatever to the case at bar. Therefore our conclusion is that the *Perrow Case* does not qualify or overrule the *Dulin Case,* which latter case is the law on the subject in Virginia today.

It is interesting to note that in the opinion in the *Perrow Case* it is stated that not until 1902 did our State Constitution contain the provision now found in section 8 of the Bill of Rights, that no man "be put twice in jeopardy for the same offense." Prior thereto, the common law rule against double jeopardy was applied.

The Attorney-General relies upon Code, section 4773, and contends that this statute provides the bar to a second trial for the same offense only where there has been a trial "upon the facts and merits" resulting in an acquittal. The statute is in this language:

"A person acquitted by the jury upon the facts and merits on a former trial, may plead such acquittal in bar of a second prosecution for the same offense, notwithstanding any defect in the form or substance of the indictment or accusation on which he was acquitted, unless the case be for a violation of the law relating to the State revenue and the acquittal be reversed on a writ of error on behalf of the Commonwealth."

It is at once observed that the case at bar is unaffected by the statute. It simply has no application. It is intended to apply when a person has been brought to trial under a defective indictment, upon the facts and merits and acquitted, then he may plead such acquittal in bar of a second prosecution for the same offense notwithstanding the defective indictment. In the case at bar the essential requirements for the application of the statute are entirely lacking; there was no acquittal upon the facts and merits; and there was no defective indictment involved.

See the interesting note by Judge Burks in 6 Va. Law

Register, page 244, and another note in 10 Va. Law Register, page 410, where this subject is discussed.

 It is settled law, everywhere, that jeopardy means the danger of conviction. In so far as the accused is concerned this danger exists and is just as real when he is being tried by the court without a jury as it is when he is being tried by a jury. We perceive no difference. Especially is this true in the case at bar as the trial before the court had progressed to the extent that the Commonwealth had introduced the testimony of some or all of its witnesses. A trial by a court without a jury affords the same protection to the accused to plead it in bar upon a second trial for the same offense as is afforded by a trial by a jury. In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony. That stage in such a trial is equivalent to the swearing of the jury when the accused is tried by jury.

██ The Constitution empowering the court to try a criminal case without the intervention of a jury does not deprive the accused of any protection he would have had if tried by jury. He simply waives the jury trial, nothing else.

██ It was certainly not intended that in a trial before a court without a jury, the Commonwealth, after introducing its evidence and finding it had failed to make a case against the accused, would be permitted to *nolle prosequi* the indictment and be entitled to subject the accused to another trial for the same offense. If this could be done the accused would be liable to conviction for the same offense, in successive trials, subject only to the whim of the attorney for the Commonwealth. This would violate the letter and spirit of the Constitution.

 We therefore conclude that a person has been placed in jeopardy when he has been indicted, arraigned and pleaded and the jury empaneled and sworn to try the case, and in cases like the one at bar, where the jury is

dispensed with under section 8 of the Constitution, and by consent the case is submitted to the court for trial without a jury, jeopardy begins after the accused has been indicted, arraigned and has pleaded, and the court has begun to hear the evidence. That stage of the trial before the court is equivalent to the swearing of the jury where a case is tried by jury.

The judgment of the trial court is reversed, the verdict of the jury set aside, and it is ordered that the case be dismissed.

*Reversed.*