## Richmond

ALVIN E. GREENWALT

V.

COMMONWEALTH OF VIRGINIA

December 3, 1982.

Record No. 811770.

Present: All the Justices.

*Walter Jervis Sheffield; Thomas L. Bricken (Sheffield & Bricken, P.C.,* on brief), for appellant.
*Francis W. Pedrotty, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Tried by a jury, Alvin E. Greenwalt was convicted of violating Code § 43-13 and was sentenced to 30 days in jail and a fine of $2,000. The determinative question presented in this appeal is whether the trial court erred in denying Greenwalt's motion to dismiss the indictment on the ground that its prosecution was barred by the double jeopardy provisions of the Federal and State Constitutions.

The facts germane to the issue are undisputed. Greenwalt, a building contractor, entered into an agreement to construct a home. When several subcontractors went unpaid, he was charged in a warrant with feloniously embezzling $2,500 in violation of Code § 18.2-111. A preliminary hearing on this felony charge was scheduled for November 12, 1980, but on that date, the warrant

was amended to charge Greenwalt with violating Code § 43-13 "on or about August 1979 and thereafter."

Code § 43-13, part of the title of the Code dealing with mechanic's liens, makes it a crime for a contractor, with intent to defraud, to retain or use funds paid to him under a contract, rather than paying his laborers and materialmen. Before July, 1980, violation of this section was a misdemeanor. After this date, a person violating the section is guilty of larceny, and, if the amount involved exceeds $200, the crime is a felony.

Proceeding on the amended warrant, the General District Court of Spotsylvania County heard the Commonwealth's evidence. At its conclusion, the court indicated on the warrant that the charge was "not certified," and the defendant was discharged.

In January, 1981, a grand jury returned an indictment against Greenwalt charging him with violating Code § 43-13 from August, 1979, through February, 1980. The indictment makes it clear that defendant was charged with a misdemeanor, and the Commonwealth now concedes all alleged violations of the statute occurred prior to July 1, 1980.

The double jeopardy provisons of the Federal and State Constitutions protect against a second prosecution for the same offense after an acquittal. *Turner* v. *Commonwealth*, 221 Va. 513, 529, 273 S.E.2d 36, 46 (1980). A dismissal qualifies as an acquittal for double jeopardy purposes when it is granted pursuant to a factual, as opposed to a legal, defense. *Johnson* v. *Commonwealth*, 221 Va. 736, 743-44, 273 S.E.2d 784, 789 (1981). *See also United States* v. *Scott*, 437 U.S. 82 (1978).

In oral argument, the Attorney General acknowledged that the offense with which Greenwalt was charged in the district court could only have been a misdemeanor. He contends, however, that the amended warrant purported to charge the commission of a felony and that by writing "not certified" on the warrant the district court believed it was conducting a preliminary hearing. The Attorney General concludes, therefore, that Greenwalt was never put to trial, that the proceeding was a nullity, and that jeopardy did not attach. We do not agree.

It is settled law that "jeopardy means the danger of conviction." *Rosser* v. *Commonwealth*, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933). "In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the

trial has reached the stage where the Commonwealth begins to introduce its testimony." *Id.*

■ Under Rule 3A:4, an arrest warrant must describe the offense charged. This description must comply with Rule 3A:7(a), which deals with the description of the charge that must be contained in an indictment. We have held under this rule that an indictment must give an accused notice of the nature and character of the offense. *Wilder v. Commonwealth*, 217 Va. 145, 225 S.E.2d 411 (1976). The same, therefore, is true of warrants.

■ In the present case, the defendant was before the district court on a warrant alleging violation of Code § 43-13 in August, 1979, and thereafter. In 1979, and indeed for the first half of 1980, violation of this section was a misdemeanor. Under these circumstances, the only fair reading of the warrant is that defendant stood before the district court charged with a misdemeanor. The court had jurisdiction over the case, Code § 16.1-123, and proceeded to hear the evidence. At this point, Greenwalt stood in danger of conviction and jeopardy attached.

Nothing in our decision today conflicts with our holding in *Moore v. Commonwealth*, 218 Va. 388, 237 S.E.2d 187 (1977). In *Moore*, we held that an accused is not in jeopardy at a preliminary hearing, even though the district court has the power under Code § 19.2-186 to reduce a felony charge to a misdemeanor and try it. "[A] mere dismissal of a felony warrant at a preliminary hearing indicates only a finding of lack of probable cause. Since jeopardy has not attached, discharge cannot operate as an acquittal, or finding of not guilty, of any lesser included misdemeanor offense." *Id.* at 393, 237 S.E.2d at 191.

In the instant case, the defendant was not before the court on a felony. This being so, the only options open to the court were a finding of guilty or not guilty. Unlike *Moore*, the district court here had no power to determine probable cause and certify a felony charge to a grand jury. Nor could it reduce the offense to a misdemeanor, since the warrant already charged one.

Accordingly, the judgment of the trial court will be reversed and the indictment dismissed.

*Reversed and dismissed.*