COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia


JOHN W. LYLES, JR.

v.   Record No. 1650-94-4                    OPINION BY
                          JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                    OCTOBER 24, 1995

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jack B. Stevens, Judge

        Francis G. McBride for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     John W. Lyles, Jr. (appellant) appeals his bench trial

convictions of reckless driving and disregarding a police signal

to stop in violation of Code §§ 46.2-852 and 46.2-817

respectively.  The sole issue raised is whether the trial court

erred in continuing the hearing after jeopardy attached so that

appellant could retain an attorney.  Finding no error, we affirm.

     Under well established principles, we state the facts in the

light most favorable to the prevailing party below, in this case

the Commonwealth.[1]  See Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).  On October 31, 1993, Trooper

Ingham of the Virginia State Police was patrolling Interstate 495

and saw appellant's vehicle in the middle lane moving at what

appeared to be a high rate of speed.  He initially paced

_____

     [1]The record in this case was a written statement of facts
pursuant to Rule 5A:8(c).

appellant's car at eighty-five miles-per-hour and activated his emergency equipment.  Appellant did not respond and increased his speed to approximately 103 miles-per-hour.  Appellant exited onto Gallows Road and stopped for a traffic light.  Trooper Ingham pulled in front of appellant's car.  When asked why he failed to stop, appellant "responded that he was in a hurry to relieve the doctor covering for him at the hospital."

On the original trial date, June 16, 1994, appellant waived counsel, was arraigned on the charges, and entered pleas of not guilty.  The Commonwealth called its first witness, Trooper Ingham, and he identified himself and began his testimony.  The trial judge interrupted and asked the Commonwealth's attorney whether under the circumstances described by the trooper the Commonwealth was willing to waive any possible jail sentence.  The Commonwealth's attorney responded that he would not, and the trial judge then advised the parties that he would continue the matter until July 7, 1994, to give appellant an opportunity to retain counsel.  The case was later continued from July 7 to July 28 at appellant's request.

On the morning of the resumption of trial, the case was initially assigned to another judge but was transferred to the original trial judge.  The same judge heard the proceedings on June 16, 1994, and the resumed trial on July 28, 1994.  Appellant's motion to dismiss based on double jeopardy was denied.  When the trial resumed, the trial court did not arraign

appellant a second time, and appellant did not enter pleas to the charges. The Commonwealth recalled Trooper Ingham as its first witness, and he continued his testimony. Appellant was found guilty on both charges.

Appellant argues that the trial court's continuance of the trial was in effect a termination or "complete discontinuance" of the earlier proceedings without the consent of the accused and thus barred any later trial. In his motion to dismiss, he relied on Webb v. Hutto, 564 F. Supp. 405 (W.D. Va. 1982), a case reversed on appeal. See 720 F.2d 375 (4th Cir. 1983), cert. denied, 465 U.S. 1080 (1984).

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994), cert. denied, 115 S. Ct. 1826 (1995). A trial court is not prevented from granting an appropriate continuance even after jeopardy has attached and the trial has begun. See Bennett v. Commonwealth, 236 Va. 448, 459-62, 374 S.E.2d 303, 310-12 (1988), cert. denied, 490 U.S. 1028 (1989).

In Bennett, a capital murder case, an issue arose midtrial whether Mary Bennett, the central witness for the prosecution, was married to Bennett or to another man, and thus whether her testimony should be excluded as privileged under Code § 19.2-271.2. 236 Va. at 454-55, 374 S.E.2d at 308. During the

3

trial, the Commonwealth was surprised when Bennett introduced into evidence a California order that validated his marriage to Mary. The Commonwealth asked for and was granted a continuance. Bennett objected strenuously, arguing that a continuance would deprive him of a part of his defense, the ability to surprise the Commonwealth, and that it would violate his constitutional rights. Id. at 459-60, 374 S.E.2d at 311. The Supreme Court held that Bennett had no "right of surprise," stating that:

> The aim of trials is to find the truth. . . . All the rules of decorum, ethics, and procedure are meant to aid the truth-finding process. Ambush, trickery, stealth, gamesmanship, one-upmanship, surprise have no legitimate role to play in a properly conducted trial.

Id. at 460-61, 374 S.E.2d at 311.

The Supreme Court also held that the fact that the jury had been impaneled did not invalidate the continuance and relied upon the Fourth Circuit Court of Appeals decision in Webb, 720 F.2d 375. In Webb, the Fourth Circuit upheld a five-day continuance so that the prosecution could subpoena key witnesses. 720 F.2d at 380. The Fourth Circuit stated that:

> [I]mmediately before and immediately after the swearing of the first witness in a non-jury trial the difference is, in many respects, miniscule. The simple, yet to us controlling, consideration is that the accused must be placed in jeopardy twice for double jeopardy to exist. It happens when the second event involves a completely new beginning, i.e., when the second proceeding takes place before a new trier of fact, . . . or the same judge starting with a clean slate. It simply does not occur when the very same proceeding continues on after a

4

> brief postponement before the first and only
> trier of fact . . . .

Id. at 379 (citation omitted) (emphasis added).  The Court in

Bennett noted that, "even though the new witnesses [in Webb]

helped convict the accused, the Fourth Circuit said there was a

'total lack of prejudice to the defendant.'"  236 Va. at 462, 374

S.E.2d at 312 (quoting Webb, 720 F.2d at 378).

We hold that the rationale of Bennett and Webb is equally

applicable to the instant case.  The trial court's order of

August 18, 1994 indicates why the court continued the trial:

> During the Commonwealth's Attorney['s]
> case in chief, the Court inquired of the
> Commonwealth's Attorney if the Commonwealth
> would be willing to waive jail time for the
> Defendant.  The Commonwealth's Attorney
> advised the Court that the Commonwealth would
> not waive jail time for the Defendant.
>
> The Court then inquired of the Defendant
> why he did not have legal counsel.  The Court
> stopped all proceedings in this case and
> advised the Defendant to seek Counsel.

Unlike the continuances in Bennett and Webb, the continuance in

this case was for the benefit of appellant rather than the

Commonwealth.  Appellant does not contend that the brief

continuance prejudiced him in any way, and no evidence in the

record demonstrates prejudice.  On the contrary, the trial court

continued the case specifically to allow appellant to retain an

attorney to protect his interests.  In fact, on July 7,

appellant's counsel requested an additional continuance to have

the trial heard on a date acceptable to his schedule.  When the

5

trial resumed on July 28, 1994, the same judge heard the case who had initially heard it on June 16, 1994. Appellant was not re-arraigned and did not enter pleas to the charges.[2] The Commonwealth called Trooper Ingham as its witness and continued with his testimony. Additionally, the court orders and statement of facts show no contemporaneous objection by appellant to the continuance. Under the facts of this case, we find no abuse of discretion in the trial court's granting of a continuance from June 16, 1994 to July 7, 1994 to allow appellant to obtain counsel. As in Webb, "[b]y granting the continuance, the state trial court showed that it was 'scrupulously interested in insuring that justice be done.'" Bennett, 236 Va. at 462, 374 S.E.2d at 312 (quoting Webb, 720 F.2d at 381).

Accordingly, the decision of the trial court is affirmed.

Affirmed.

---

[2]As the dissent notes, the final order of July 28, 1994 indicated that appellant was arraigned on the warrant and pled not guilty. However, the written statement of facts does not reflect that appellant was re-arraigned and shows a resumption of the trial with Trooper Ingham's testimony. We rely on the written statement of facts.

Benton, J., dissenting.

The record reflects that on June 16, 1994, after John W. Lyles, Jr., was "arraigned upon the warrant and . . . entered a plea of not guilty," the trial began. The record reflects that Lyles was not represented by counsel, and the record does not reflect that Lyles waived his right to counsel. During the testimony of the prosecutor's first witness, the charging police officer, the trial judge learned that the prosecutor would request a sentence of incarceration for Lyles, and the trial judge stopped the proceedings. The trial judge "advised [Lyles] to seek counsel" and "ordered that this case be continued to July 7, 1994 . . . for trial."

On July 28, 1994, the rescheduled trial date, the case was assigned to another judge for trial. After that judge read Lyles' motion to dismiss and plea of former jeopardy, that judge referred the case to the trial judge who originally commenced the case and stopped the proceedings.

When the original trial judge received the case, he denied Lyles' motion to dismiss and plea of former jeopardy. After a prosecutor was summoned to try the case, the prosecutor informed the trial judge that he was not familiar with the case. The trial judge recessed the proceeding to allow the prosecutor, who was not the same prosecutor who commenced the case on June 16, 1994, to have a short time to interview the charging police officer and prepare for trial. When the prosecutor was ready to

7

begin, Lyles was again arraigned upon the same warrant, and he

pled not guilty.[3]  The prosecutor began anew the presentation of

[3]The order memorializing the events of June 16, 1994 states
in pertinent part as follows:

> On [June] 16, 1994, the Commonwealth's
> Attorney and the Defendant, John W. Lyles,
> Jr., appeared before this Court.  The
> Defendant appeared while on bond.
>
> The Defendant was arraigned upon the
> warrant and the Defendant entered a plea of
> not guilty.  The Court proceeded to hear and
> to determine the case without the
> intervention of a jury, trial by jury having
> been waived to which the Attorney for the
> Commonwealth consented and the Court
> concurred.
>
> The Court then proceeded to hear all of
> the evidence presented on behalf of the
> Commonwealth.
>
> During the Commonwealth's Attorney case in
> chief, the Court inquired of the
> Commonwealth's Attorney if the Commonwealth
> would be willing to waive jail time for the
> Defendant.  The Commonwealth's Attorney
> advised the Court that the Commonwealth would
> not waive jail time for the Defendant.
>
> The Court then inquired of the Defendant
> why he did not have legal counsel.  The Court
> stopped all proceedings in this case and
> advised the Defendant to seek Counsel.

(Emphasis added).

The final order states in pertinent part as follows:

> On July 28, 1994, the Commonwealth's
> Attorney, the Defendant, John W. Lyles, Jr.,
> and Francis McBride, Counsel for the
> Defendant, appeared before this Court.  The
> Defendant appeared while on bond.
>
> Counsel for the Defendant motioned the
> Court to dismiss the charges against the

evidence in its case-in-chief.

Nothing in the record supports the trial judge's ruling that the July 28, 1994, trial was a continuation of the first, terminated proceeding.

> The simple, yet . . . controlling, consideration is that the accused must be placed in jeopardy twice for double jeopardy to exist.  It happens when the second event involves a completely new beginning, <u>i.e.</u>, <u>when the second proceeding takes place before</u> a new trier of fact, whether that be a different judge or jury, or <u>the same judge starting with a clean slate</u>.

<u>Webb v. Hutto</u>, 720 F.2d 375, 379 (4th Cir. 1983) (emphasis added), <u>cert.</u> <u>denied</u>, 465 U.S. 1080 (1984).  The facts prove a new beginning of Lyles' trial.

On July 28, 1994, when the case was assigned to be re-heard, a new judge was scheduled to try the case.  When the new judge declined to hear the case and sent it back to the original trial judge, a new prosecutor was assigned to try the case.  Lyles was

---

> Defendant, which motion the Court denied.
>
> <u>The Defendant was arraigned upon the</u> <u>warrant and the Defendant entered a plea of</u> <u>not guilty</u>.  The Court proceeded to hear and to determine the case without the intervention of a jury, trial by jury having been waived, to which the Attorney for the Commonwealth consented and the Court concurred.

(Emphasis added).

From the recitals in these two orders, I believe the conclusion is manifest that Lyles was arraigned both on June 16 and July 28.

re-arraigned on the same charges.  The new prosecutor then began the Commonwealth's case-in-chief anew.

The result, not the simple use of the terminology "continuance," is the controlling factor.  "If what occurred indeed amounted to a beginning over, rather than a progression from the point at which the case had been suspended, calling it a continuation when actually it was a complete retrial would not enable the prosecution to escape the stricture against double jeopardy."  Id. at 380.  The record in this case indisputably proved that a complete retrial occurred.

Jeopardy attached on June 16, 1994, when the trial judge began to hear evidence in the prosecution's case-in-chief.  See Greenwalt v. Commonwealth, 224 Va. 498, 500-01, 297 S.E.2d 709, 710 (1982).  After jeopardy attached, Lyles "possessed a valued right to have the judge decide his case [in] that [proceeding], based upon the proof [that] the Commonwealth could adduce [at that proceeding]."  Harris v. Young, 607 F.2d 1081, 1086 (4th Cir. 1979), cert. denied, 444 U.S. 1025 (1980).  Lyles could not be deprived of that right without a "manifest necessity."  Arizona v. Washington, 434 U.S. 497, 505 (1978).  However, the termination of the case on June 16 was made for the benefit of the prosecutor, who indicated that he intended to ask the judge to imprison Lyles.  Although that request posed a dilemma for the judge because Lyles was uncounseled, see Argersinger v. Hamlin, 407 U.S. 25 (1972), the dilemma was neither created by Lyles nor

10

resolved in a way that benefitted him. "[E]very judge [should] know when the trial . . . starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel." Id. at 40. When the trial judge sua sponte terminated the June 16 trial, the trial judge did so without "manifest necessity." See Harris, 607 F.2d at 1084. Thus, the subsequent conviction that occurred on July 28, 1994, is barred by the prohibition against double jeopardy. See id. at 1087.

Accordingly, I would reverse the conviction.