BENTON, Judge,
dissenting.
The record reflects that on June 16, 1994, after John W. Lyles, Jr., was “arraigned upon the warrant and ... entered a plea of not guilty,” the trial began. The record reflects that Lyles was not represented by counsel, and the record does not reflect that Lyles waived his right to counsel. During the testimony of the prosecutor’s first witness, the charging police officer, the trial judge learned that the prosecutor would request a sentence of incarceration for Lyles, and the trial judge stopped the proceedings. The trial judge “advised [Lyles] to seek counsel” and “ordered that this case be continued to July 7, 1994 ... for trial.”
On July 28, 1994, the rescheduled trial date, the case was assigned to another judge for trial. After that judge read Lyles’ motion to dismiss and plea of former jeopardy, that judge referred the case to the trial judge who originally commenced the case and stopped the proceedings.
*193 When the original trial judge received the case, he denied Lyles’ motion to dismiss and plea of former jeopardy. After a prosecutor was summoned to try the case, the prosecutor informed the trial judge that he was not familiar with the case. The trial judge recessed the proceeding to allow the prosecutor, who was not the same prosecutor who commenced the case on June 16, 1994, to have a short time to interview the charging police officer and prepare for trial. When the prosecutor was ready to begin, Lyles was again arraigned upon, the same warrant, and he pled not guilty.[3] The prosecutor began anew the presentation of evidence in its case-in-chief.
*194 Nothing in the record supports the trial judge’s ruling that the July 28, 1994, trial was a continuation of the first, terminated proceeding.
The simple, yet ... controlling, consideration is that the accused must be placed in jeopardy twice for double jeopardy to exist. It happens when the second event involves a completely new beginning, ie., when the second proceeding takes place before a new trier of fact, whether that be a different judge or jury, or the same judge starting with a clean slate.
Webb v. Hutto, 720 F.2d 375, 379 (4th Cir.1983) (emphasis added), cert. denied, 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 764 (1984). The facts prove a new beginning of Lyles’ trial.
On July 28, 1994, when the case was assigned to be reheard, a new judge was scheduled to try the case. When the new judge declined to hear the case and sent it back to the original trial judge, a new prosecutor was assigned to try the ease. Lyles was re-arraigned on the same charges. The new prosecutor then began the Commonwealth’s case-in-chief anew.
The result, not the simple use of the terminology “continuance,” is the controlling factor. “If what occurred indeed amounted to a beginning over, rather than a progression from the point at which the case had been suspended, calling it a continuation when actually it was a complete retrial would not enable the prosecution to escape the stricture against double jeopardy.” Id. at 380. The record in this case indisputably proved that a complete retrial occurred.
Jeopardy attached on June 16, 1994, when the trial judge began to hear evidence in the prosecution’s case-in-chief. See Greenwalt v. Commonwealth, 224 Va. 498, 500-01, 297 S.E.2d 709, 710 (1982). After jeopardy attached, Lyles “possessed a valued right to have the judge decide his case [in] that [proceeding], based upon the proof [that] the Commonwealth could adduce [at that proceeding].” Harris v. Young, 607 F.2d 1081, 1086 (4th Cir.1979), cert. denied, 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980). Lyles could not be deprived *195 of that right without a “manifest necessity.” Arizona v. Washington, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). However, the termination of the case on June 16 was made for the benefit of the prosecutor, who indicated that he intended to ask the judge to imprison Lyles. Although that request posed a dilemma for the judge because Lyles was uncounseled, see Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the dilemma was neither created by Lyles nor resolved in a way that benefited him. “[EJvery judge [should] know when the trial ... starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.” Id. at 40, 92 S.Ct. at 2014. When the trial judge sua sponte terminated the June 16 trial, the trial judge did so without “manifest necessity.” See Harris, 607 F.2d at 1084. Thus, the subsequent conviction that occurred on July 28, 1994, is barred by the prohibition against double jeopardy. See id. at 1087.
Accordingly, I would reverse the conviction.

. The order memorializing the events of June 16, 1994 states in pertinent part as follows:
On [June] 16, 1994, the Commonwealth’s Attorney and the Defendant, John W. Lyles, Jr., appeared before this Court. The Defendant appeared while on bond.
The Defendant was arraigned upon the warrant and the Defendant entered a plea of not guilty. The Court proceeded to hear and to determine the case without the intervention of a jury, trial by jury having been waived to which the Attorney for the Commonwealth consented and the Court concurred.
The Court then proceeded to hear all of the evidence presented on behalf of the Commonwealth.
During the Commonwealth’s Attorney case in chief, the Court inquired of the Commonwealth’s Attorney if the Commonwealth would be willing to waive jail time for the Defendant. The Commonwealth’s Attorney advised the Court that the Commonwealth would not waive jail time for the Defendant.
The Court then inquired of the Defendant why he did not have legal counsel. The Court stopped all proceedings in this case and advised the Defendant to seek Counsel.
(Emphasis added).
The final order states in pertinent part as follows:
On July 28, 1994, the Commonwealth’s Attorney, the Defendant, John W. Lyles, Jr., and Francis McBride, Counsel for the Defendant, appeared before this Court. The Defendant appeared while on bond.
Counsel for the Defendant motioned the Court to dismiss the charges against the Defendant, which motion the Court denied.
The Defendant was arraigned upon the warrant and the Defendant entered a plea of not guilty. The Court proceeded to hear and to determine the case without the intervention of a jury, trial by jury having been waived, to which the Attorney for the Commonwealth consented and the Court concurred.
(Emphasis added).
From the recitals in these two orders, I believe the conclusion is manifest that Lyles was arraigned both on June 16 and July 28.