COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


ROBERT C. GRAY, S/K/A
 ROBERT CHARLES GREY
                                          OPINION BY
v.    Record No. 1670-00-1          JUDGE RICHARD S. BRAY
                                         JANUARY 29, 2002
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                       Johnny E. Morrison, Judge

            S. Jane Chittom, Appellate Defender (Public
            Defender Commission, on briefs), for
            appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     Robert C. Gray (defendant) was convicted of taking indecent

liberties with a child, a violation of former Code § 18.1-215.[1]

On appeal, defendant contends the trial court erroneously denied

his motion to dismiss the indictment, arguing the prosecution

violated the double jeopardy prohibitions of the United States and

Virginia Constitutions and, further, challenges the sufficiency of

the evidence to support the conviction.  Finding no error, we

affirm.

---

            [1] Former Code § 18.1-215, in effect at the time of
defendant's alleged misconduct, was repealed in 1975.  See 1975
Va. Acts, chs. 14 and 15.

I.

On January 8, 1998, defendant was indicted for "aggravated sexual battery . . . [i]n violation of Code § 18.2-67.3"[2] and an attendant jury trial commenced on October 19, 1999.  At trial, the victim, Frances Maggard, recounted events in proof of the indictment, the Commonwealth rested, and defendant offered no evidence.  Immediately before the jury was instructed, defendant moved the court to dismiss the indictment because Code § 18.2-67.3 "was not in existence" in 1972, the time of the alleged offense.  In response, the Commonwealth moved to amend the indictment to charge "taking indecent liberties with children," a violation of former Code § 18.1-215, which pertained in 1972.  Defendant, however, objected, contending the amendment would allege "a different crime" with additional elements.

The trial court declined to amend the indictment "because it would . . . actually charge a different crime."  Turning to defendant's motion to dismiss, the court acknowledged the offense alleged in the indictment, aggravated sexual battery, "didn't exist in . . . '72," "there was [then] no such thing," and

---

[2] The indictment, expressly citing Code § 18.2-67.3, alleged that defendant,

> [o]n or about November 1, 1972 to December 1, 1972, sexually abused Frances Maggard, then 13 years of age, against her will by force, threat or intimidation, or through the use of her physical helplessness or mental incapacity.

-

concluded that defendant "can't be found guilty of [the offense] today." Accordingly, the court granted defendant's motion, "as [he] was charged under Section 18.2-67.3 . . ., which was not in existence at the time of the offense in 1972."

Within one month thereafter, the Commonwealth indicted defendant for "taking indecent liberties with children" in violation of former Code § 18.1-215,[3] the instant offense. Defendant promptly moved to dismiss the indictment, maintaining he had been "put in trial and put in jeopardy" on the aggravated sexual battery indictment and, therefore, the instant prosecution "constitute[d] double jeopardy." The court denied the motion, and proceeded with trial, resulting in the subject conviction and appeal.

In prosecuting the offense, the Commonwealth relied solely upon the evidence of the alleged victim, Frances Maggard. Maggard testified that, when thirteen years of age, she had resided with defendant and his wife during November and December 1972, while

---

[3] The indictment, citing former Code § 18.1-215, read:

> On or about November 1, 1972 to December 1,
> 1972, being twenty-one years of age or over,
> with lascivious intent, knowingly and
> intentionally placed or attempted to place,
> his hand or hands, or any portion of his
> hands upon or against or did in any way or
> manner fondle or feel or attempt to fondle
> or feel the sexual or genital parts or
> breasts of Frances Maggard, a child under
> the age of fourteen (14) years to whom he
> was not legally married.

-

her mother recovered from an illness.  "One afternoon" Maggard was asleep on a couch, and defendant "lifted [her] up," "sat down" and "laid [her] . . . over his lap."  She soon "fell back to sleep" but was "abruptly awakened" by defendant "rubbing [her] shoulder and neck" with one hand and her breast with the other. "[S]hocked," Maggard "sat there for a minute," then "jumped up" and "got away."

Later that evening, Maggard was "[o]n the floor," "afraid" of defendant and "pretend[ing] to be asleep," when he "laid down" beside her and "started rubbing [her] back, . . . buttocks and legs."  "At some point, [Maggard] was turned over" and defendant placed his "hands . . . between [her] legs, . . . rubbing [her] crotch, and . . . [her] breasts."  Maggard unsuccessfully "tried to wiggle up" and "kept turning away and trying to push him off." Finally, the "phone rang" and "as soon as [defendant] answered the phone, [she] jumped up," "ran back to the bathroom" and "locked both the doors."

Maggard told no one of defendant's misconduct until she related the incidents to her sister approximately four years later.  A "long time" thereafter, in "'88 or '89," she reported the offenses to police.  Explaining the delay, Maggard recalled a feeling of shame for "be[ing] pawed over" and fear "of what [her father] would do if he found out what had happened."

-

II.

Relying upon principles of double jeopardy, defendant first maintains that dismissal of the original aggravated sexual battery indictment barred the subject prosecution on an indictment charging indecent liberties with children, the "same offense."

The Double Jeopardy Clauses of both the United States and Virginia Constitutions ensure an accused is not "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; see Va. Const. art. I, § 8. The safeguard "guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (citations omitted).

> In order to make such a defense with success, the party relying upon it must show that he has been put upon his trial before a court which has jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and that a jury has been impaneled and sworn, and thus charged with his deliverance. Anything short of this, is insufficient to raise a bar against a new indictment or prosecution for the same offense.

Dulin v. Lillard, 91 Va. 718, 722, 20 S.E. 821, 822 (1895) (citations omitted) (emphasis added). Thus, "[i]t is settled law, everywhere, that jeopardy means the danger of conviction." Rosser v. Commonwealth, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933).

-

Here, the original indictment, which alleged aggravated sexual battery, charged defendant with an offense that did not exist at the time of the misconduct. Accordingly, no valid conviction could have resulted from the instrument. See Wilder v. Commonwealth, 217 Va. 145, 148, 225 S.E.2d 411, 414 (1976) ("[B]ecause the indictment found by the grand jury stated no offense and was invalid, it necessarily follows the trial court had no power to amend the indictment. The conviction on the amended indictment was therefore void."). Thus, free from the spectre of conviction, defendant was not in jeopardy at the first trial, and the instant prosecution did not offend principles of double jeopardy. 1 Charles E. Torcia, Wharton's Criminal Law § 58 (15th ed. 1993) ("[a] former prosecution is . . . not a bar where . . . the indictment was void" (citations omitted)).

Moreover, in Johnson v. Commonwealth, 221 Va. 736, 273 S.E.2d 784 (1981), the Supreme Court of Virginia, noting "[d]ismissals of indictments are granted for a number of reasons," recognized the distinction "between a dismissal granted pursuant to a legal defense and a dismissal granted pursuant to a factual defense," determining "[t]he latter would qualify as an acquittal for double jeopardy purposes," while "[a] legal dismissal might not . . . ." Id. at 743-44, 273 S.E.2d at 789-90 (citing United States v. Scott, 437 U.S. 82 (1978)). Revisiting the issue in Greenwalt v. Commonwealth, 224 Va. 498, 297 S.E.2d 709 (1982), the Court again instructed, "[a] dismissal qualifies as an acquittal for double

-

jeopardy purposes when it is granted pursuant to a factual, as opposed to a legal, defense."  Id. at 500, 297 S.E.2d at 710; Dodson v. Commonwealth, 23 Va. App. 286, 303, 476 S.E.2d 512, 520 (1996).

The instant record clearly demonstrates that the court dismissed the earlier indictment, on defendant's motion, solely because the offense allegedly committed in 1972 did not constitute a violation of Code § 18.2-67.3, a penal statute not enacted by the General Assembly until 1981.  See 1981 Va. Acts, ch. 397. Inarguably, such dismissal was, therefore, grounded upon a legal infirmity in the charging instrument, in contrast to an adjudication of factual issues, a circumstance that excludes the subsequent prosecution from the constraints of the double jeopardy prohibition.

### III.

Lastly, defendant challenges the sufficiency of the evidence to support the conviction.  In considering his argument, we view the record, "in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless

-

plainly wrong or unsupported by the evidence.  See Code
§ 8.01-680.

At trial, Frances Maggard detailed a visit in defendant's home during the latter months of 1972, when she was thirteen years of age.  She testified defendant placed her on his lap and "rubb[ed] [her] shoulder[,] . . . neck" and breast with his hands.  Later the same day, when Maggard, frightened, was feigning sleep on the floor of the home, defendant "laid down" beside her, "started rubbing [her] back, . . . buttocks and . . . legs," "turned [her] over," placed his "hands . . . between [her] legs," and "rubb[ed] [her] crotch" and breasts.  Such testimony, if believed by the fact finder, clearly provided sufficient support for the conviction.

Accordingly, finding no constitutional bar to the subject prosecution and sufficient evidence in the record to prove the offense beyond a reasonable doubt, we affirm the conviction.

Affirmed.

-