COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Fulton and Callins
Argued at Richmond, Virginia


WILBERT GREEN VENABLE, SOMETIMES KNOWN AS
 WILBERT LEROY GREEN VENABLE
                                          MEMORANDUM OPINION* BY
v.     Record No. 1740-22-2             JUDGE JUNIUS P. FULTON, III
                                             DECEMBER 28, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

Joshua Farmer (Farmer Legal, PLLC, on brief), for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


        Following a bench trial, Wilbert Leroy Green Venable was convicted of two counts of

possession of a Schedule I/II controlled substance, in violation of Code § 18.2-250.  By order

entered on September 27, 2022, Green Venable was sentenced to a total of ten years of

incarceration, with eight years and eight months suspended, for a total active prison sentence of one

year and four months.  Asserting double jeopardy and statute of limitations violations, Green

Venable challenges the trial court's denial of his motion to dismiss and the trial court's denial of his

motion *in limine*.  For the following reasons, we affirm.

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND[1]

On May 1, 2018, Hanover County Sheriff's Office Investigator Matthew Stewart instigated a traffic stop resulting in the detection of an "obvious" odor of burnt marijuana coming from the car. Stewart then ordered the occupants out of the vehicle and observed a small plastic bag appear to fall from Green Venable's pants pocket. When Green Venable denied ownership of the bag, Stewart informed Green Venable that he was being detained and Green Venable fled on foot. Stewart recovered the bag, which contained two different substances—a white-colored powder and a green pill. Based on a preliminary test, Green Venable was suspected of felony possession of a Schedule I/II controlled substance and misdemeanor possession of a Schedule IV controlled substance.

It was not until October 10, 2018, that Green Venable was charged with possession of a Schedule I/II controlled substance, a felony, possession of a Schedule IV controlled substance, a misdemeanor, and interfering with a police officer, a misdemeanor. On December 28, 2018, the day of the scheduled trial on the misdemeanor charges and preliminary hearing for the felony, the Hanover County General District Court continued the case at the Commonwealth's request. On April 23, 2019, following a second continuance request by the Commonwealth, the district court dismissed the charges.

Subsequent testing of the substances by the Department of Forensics indicated that the powder was N-ethylpentylone and the pill contained methamphetamine. Green Venable was indicted for two counts of possession of a Schedule I/II controlled substance on May 21, 2019.

---

[1] "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" *Archer v. Commonwealth*, 26 Va. App. 1, 11 (1997) (quoting *Martin v. Commonwealth*, 4 Va. App. 438, 443 (1987)). Furthermore, collateral estoppel is a legal doctrine "grounded in the Fifth Amendment guarantee against double jeopardy." *Rhodes v. Commonwealth*, 223 Va. 743, 747 (1982). Therefore, we apply the de novo standard of review applicable to double jeopardy claims to determine whether collateral estoppel applies. *See Davis v. Commonwealth*, 57 Va. App. 446, 455 (2011).

On June 18, 2019, he was indicted for the misdemeanor interfering with the police charge. The trial was initially scheduled for October 13, 2021. After several motions and continuances, the trial court scheduled trial for June 27, 2022, by order entered March 2, 2022.

On June 23, 2022, four days prior to trial, Green Venable filed a motion asserting that the prosecution of both felony charges would violate the Double Jeopardy Clause and that the prosecution of the misdemeanor charge was in violation of the one-year statute of limitations. The Commonwealth argued that jeopardy had not yet attached at the district court hearing and that Green Venable's motion was untimely filed under Code § 19.2-266.2, which requires a written motion alleging a double jeopardy violation be filed at least seven days before trial. The trial court agreed, denied the motion, and later convicted Green Venable of the two felony offenses.[2] Green Venable appeals.

## II. ANALYSIS

Green Venable assigns error to his convictions, asserting that: (1) the trial court erred in denying his motion to dismiss on the grounds that it was error for the trial court to allow Green Venable to be tried a second time for a crime that had previously been dismissed and (2) the trial court erred in denying his motion *in limine* on the grounds that it was error for the trial court to allow Green Venable to be tried for a crime for which the statute of limitations had run.

### A. *Double Jeopardy*

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Two offenses will be considered the same when (1) the two offenses are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is lesser included in the former

---

[2] At trial, the Commonwealth conceded that the misdemeanor charge of interfering with a police officer was filed beyond the statute of limitations. The trial court dismissed this charge.

offense." *Sandoval v. Commonwealth*, 64 Va. App. 398, 413 (2015) (quoting *Commonwealth v. Hudgins*, 269 Va. 602, 605 (2005)). "Whether there has been a double jeopardy violation presents a question of law requiring a *de novo* review." *Hall v. Commonwealth*, 69 Va. App. 437, 444 (2018) (quoting *Fullwood v. Commonwealth*, 279 Va. 531, 539 (2010)).[3]

Green Venable makes one argument on appeal pertaining to the trial court's decision to deny his motion to dismiss: that it was error for the trial court to allow Green Venable to be tried a second time for a crime that had previously been dismissed without evidence of good cause for either a nolle prosequi or dismissal without prejudice. He contends that allowing a misdemeanor to survive a dismissal and return as a felony on direct indictment: (1) relieves the Commonwealth of its statutory obligation to demonstrate good cause for a nolle prosequi, (2) denies the defendant's opportunity to object to a de facto nolle prosequi, and (3) strips the defendant of his right to a preliminary hearing on the felony. We reject these contentions.

We agree, instead, with the Commonwealth that Green Venable waived the objection of double jeopardy by failing to timely file his motion. Code § 19.2-266.2(A) provides, in relevant part that

> [d]efense motions or objections seeking . . . dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that: . . . the defendant would be twice placed in jeopardy in violation of the provisions of the Fifth Amendment to the Constitution of the United States or Article I, Section 8 of the Constitution of Virginia . . . shall be raised by motion or objection.

Further, "[s]uch a motion or objection in a proceeding in circuit court shall be raised in writing . . . not later than seven days before trial in circuit court." Code § 19.2-266.2(B). Green Venable filed his motion *in limine* seeking dismissal on the grounds of double jeopardy on June 23, 2022,

---

[3] Green Venable asserts on brief that the standard of review is abuse of discretion in analyzing the circuit court's interpretation of an order. However, because Green Venable argues that the denial of his motion to dismiss constituted a violation of the Double Jeopardy Clause of the Fifth Amendment, this Court will proceed with a de novo review.

four days before trial was scheduled to begin on June 27, 2022. Green Venable does not argue that the good cause and interest of justice exception under Code § 19.2-266.2(B) should be invoked, nor does the record reflect any reason to do so. Accordingly, we find that Green Venable waived this objection.

It is worth noting that, even if Green Venable had not waived this objection, jeopardy had not yet attached. "In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony." *Neff v. Commonwealth*, 39 Va. App. 13, 17 (2002) (quoting *Rosser v. Commonwealth*, 159 Va. 1028, 1036 (1933)). Thus, "jeopardy attaches only after . . . the first witness is sworn in a bench trial." *Id.* (alteration in original) (quoting *Martin v. Commonwealth*, 242 Va. 1, 8 (1991)). Further, because "'[t]he dismissal of a felony warrant at a preliminary hearing indicates only a finding of lack of probable cause,' jeopardy never attaches to the felony and 'discharge [of the felony on finding lack of probable cause of that offense] cannot operate as an acquittal, or finding of not guilty of any lesser included misdemeanor offense.'" *Painter v. Commonwealth*, 47 Va. App. 225, 233 (2005) (alterations in original) (quoting *Moore v. Commonwealth*, 218 Va. 388, 393 (1977)).

Here, the district court dismissed the cases against Green Venable because the Commonwealth was not prepared to prosecute the matters. No witnesses were sworn in, and no evidence was heard. Additionally, the hearing in the district court was merely a preliminary hearing for the felony charge of possession of a Schedule I/II controlled substance and jeopardy never attaches to a preliminary hearing for a felony charge. Therefore, jeopardy had not attached when the charges were dismissed.

*B. Statute of Limitations*

This Court reviews an issue of statutory construction de novo. *See Smith v. Commonwealth*, 72 Va. App. 523, 532 (2020).

Green Venable makes one argument on appeal pertaining to the trial court's decision to deny his motion *in limine*: that it was error for the trial court to allow Green Venable to be tried for a crime for which the statute of limitations had run. He contends that: (1) the Commonwealth changed the classification of the charge from a misdemeanor to a felony simply because the Commonwealth was unable to proceed on the original charge and (2) it would be a legal fiction to suggest that the encounter that led to the misdemeanor charge is different from the one indicted as a felony more than one year later. We reject these contentions.

Code § 19.2-8 states, in relevant part: "[a] prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor." Based on the May 1, 2018 encounter, Green Venable was initially charged with one count of possession of a Schedule I/II controlled substance, a felony, and one count of possession of a Schedule IV controlled substance, a misdemeanor. Proceedings began in the general district court on December 28, 2018, well within the one-year statute of limitations for misdemeanor charges. The case was subsequently dismissed on April 23, 2019.[4] On May 21, 2019, Green Venable was indicted for two counts of possession of a Schedule I/II controlled substance after lab testing indicated that what was previously believed to be a Schedule IV controlled substance was actually a Schedule I/II controlled substance. It is a well-established principle that "Virginia has no general statute of limitations on felonies." *Anderson v. Commonwealth*, 48 Va. App. 704, 711 (2006). Thus, the subsequent felony charge for the same substance is not included within the ambit of the one-year

---

[4] The record reflects that the district court judge checked the box to "ORDER the charge dismissed" and did not also check the box for "with prejudice" on the relevant warrant for arrest form.

statute of limitations for a misdemeanor charge. Though the circumstances of the *encounter* between Green Venable and Stewart on May 1, 2018, did not change, the lab testing indicated that Green Venable had been incorrectly charged with a misdemeanor in the district court because he was not actually in possession of a Schedule IV controlled substance. Therefore, the subsequent felony charge for the same substance was not outside the one-year statute of limitations for a misdemeanor charge.

### III. CONCLUSION

The trial court did not err in denying Green Venable's motion to dismiss as he failed to timely file his double jeopardy objection, waiving his right to raise it. Further, the trial court did not err in denying Green Venable's motion *in limine* because there is no statute of limitations for felony offenses generally.

*Affirmed.*