COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Clements and Senior Judge Bray*
Argued at Chesapeake, Virginia


BARRY FRANCIS NEFF, JR.
                                              OPINION BY
v.    Record No. 1145-01-1        JUDGE JEAN HARRISON CLEMENTS
                                            SEPTEMBER 10, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                        AND COUNTY OF JAMES CITY
                     Samuel Taylor Powell, III, Judge

          Deborah M. Wagner (McDermott & Roe, on
          brief), for appellant.

          Margaret W. Reed, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Barry Francis Neff, Jr., was indicted and convicted in a

bench trial of driving under the influence, second offense, in

violation of Code §§ 18.2-266 and 18.2-270.  On appeal, he

contends the trial court erred in denying his motion to quash the

indictment because the doctrines of double jeopardy and res

judicata barred the indictment and its prosecution.  For the

reasons that follow, we find no error and affirm Neff's

conviction.


_____
          * Judge Bray participated in the hearing and decision of
this case prior to the effective date of his retirement on
September 1, 2002 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

## I.  BACKGROUND

On October 19, 2000, Neff was convicted in the general district court of driving under the influence (DUI).  He noted his appeal to the circuit court that same day.  On October 25, 2000, Neff was arrested and charged with DUI, second offense.  Neff's appeal of the conviction on the first DUI offense was still pending in the circuit court on November 16, 2000, when the trial on the second DUI offense was set to commence in the general district court.  Thus, when the second DUI case was called for trial in the general district court, the Commonwealth moved for a continuance.  Neff objected to a continuance because he had received no prior notice of the Commonwealth's motion and both parties had witnesses present.  The general district court judge denied the Commonwealth's motion for a continuance, whereupon the Commonwealth moved to nolle prosequi the charge.  The judge likewise denied the Commonwealth's motion to nolle prosequi.  Neff then entered a plea of not guilty.  The judge asked the Commonwealth to present its case.  The Commonwealth declined to present any witnesses.  No witnesses were sworn.  The judge then dismissed the DUI, second offense, charge against Neff.

The Commonwealth subsequently directly indicted Neff in the circuit court for DUI, second offense.  Neff moved to quash the indictment, arguing, inter alia, that the doctrines of double jeopardy and res judicata prohibited any further prosecution on the same charge that had been dismissed by the general district

-

court.  The circuit court judge overruled the motion and found Neff guilty on his conditional plea of guilty.  This appeal followed.

## II.  ANALYSIS

On appeal, Neff contends the trial court erred in denying his motion to quash the indictment because his indictment and prosecution in the circuit court on the same charge that was dismissed by the general district court were barred under the doctrines of double jeopardy and res judicata.

"In determining whether the trial court made an error of law, 'we review the trial court's . . . legal conclusions de novo.'" Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

## A.  Double Jeopardy

Neff argues that the Commonwealth's refusal to present evidence in the general district court trial amounted to the "presentation of evidence" and, thus, jeopardy attached. Therefore, he concludes, the dismissal of the charge constituted an acquittal that barred his subsequent indictment and prosecution of the same offense in the circuit court.  We disagree.

The double jeopardy provisions of the United States and Virginia Constitutions protect a criminal defendant from being prosecuted a second time for the same offense following an acquittal.  Turner v. Commonwealth, 221 Va. 513, 529, 273 S.E.2d

-

36, 46 (1980), cert. denied, 451 U.S. 1011 (1981). A dismissal qualifies as an acquittal for double jeopardy purposes when it is granted pursuant to a factual, as opposed to a legal, defense. Johnson v. Commonwealth, 221 Va. 736, 743-44, 273 S.E.2d 784, 789 (1981). Furthermore, "[i]n a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony." Rosser v. Commonwealth, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933). In other words, "jeopardy begins after the accused has been indicted, arraigned and has pleaded, and the court has begun to hear the evidence." Id. at 1037, 167 S.E. at 259. Thus, as the Supreme Court noted in Martin v. Commonwealth, 242 Va. 1, 8, 406 S.E.2d 15, 18 (1991), "jeopardy attaches only after . . . the first witness is sworn in a bench trial."

In this case, Neff entered a plea of not guilty, and the general district court judge called for the Commonwealth to present its evidence. No witnesses, however, were sworn, and the Commonwealth presented no evidence prior to the dismissal of the charge by the judge. Accordingly, we hold that jeopardy had not yet attached when the charge was dismissed. Thus, Neff's indictment and subsequent prosecution in the circuit court on the same charge was not barred by the doctrine of double jeopardy.

-

## B.  Res Judicata

Neff also argues that the general district court's dismissal of the charge constituted a decision on the merits.  Therefore, he concludes, his subsequent indictment and prosecution on the identical charge in the circuit court were barred by the doctrine of res judicata.  Again, we disagree.

> Res judicata is a judicially created doctrine founded upon the "considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties."  Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (citation omitted).  Res judicata literally means a "matter adjudged," Black's Law Dictionary 1174 (5th ed. 1979), and it precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction.  It rests upon the principle that a person should not be required to relitigate the same matter a second time "with the same person or another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and fully determined, upon the merits, by a court of competent jurisdiction . . . ."  Patterson v. Saunders, 194 Va. 607, 614, 74 S.E.2d 204, 209, cert. denied, 354 U.S. 998 (1953).  In short, once a matter or issue has been adjudicated, it may be relied upon as conclusive between the parties, or their privies, in any subsequent suit.

Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989).  We have held that the doctrine of res

-

judicata applies in a criminal case.  Highsmith v. Commonwealth, 25 Va. App. 434, 442, 489 S.E.2d 239, 243 (1997).

"One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action."  Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998).  That party must prove the identity of: "(1) the remedies sought; (2) the cause of action; (3) the parties; and (4) the quality of the persons for or against whom the claim is made."  Highsmith, 25 Va. App. at 440, 489 S.E.2d at 241.  The proponent of the defense must also establish that "'the judgment in the former action [was] rendered on the merits by a court of competent jurisdiction."  Id. (alteration in original) (emphasis added) (quoting Simmons v. Commonwealth, 252 Va. 118, 120, 475 S.E.2d 806, 807 (1996)).

In Highsmith, we stated that a judgment "upon the merits" occurs when

> "the status of the suit was such that the parties might have had their suit disposed of on its merits if they had presented all their evidence and the court had properly understood the facts and correctly applied the law to the facts.  It is therefore sufficient if the merits are actually or constructively determined."

Id. at 440, 489 S.E.2d at 241-42 (emphasis omitted) (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 12 (1996)).  We further stated that "'[a] dismissal of a cause of

-

action may constitute a judgment on the merits depending upon the grounds upon which such dismissal is based. A judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a final judgment on the merits.'" Id. at 440-41, 489 S.E.2d at 242 (emphasis omitted) (quoting Michie's Jurisprudence, supra).

We also noted in Highsmith that "the doctrine of res judicata . . . applie[s] to . . . pretrial dismissal[s] on the merits." Id. at 441-42, 489 S.E.2d at 242 (citing, inter alia, United States v. Blackwell, 900 F.2d 742, 745 (4th Cir. 1990) (holding that the doctrine of res judicata "is implicated by the pretrial disposition of a prior case if an ultimate issue in the second prosecution was conclusively litigated and necessarily determined as part of the judgment entered in the first case")).

The question before us, then, is whether the general district court's dismissal of the charge of DUI, second offense, before the presentation of any evidence, was a judgment on the merits. The trial court ruled that the lower court's dismissal of the charge was not a judgment on the merits. We agree with the trial court.

On the day of Neff's trial in the general district court, the Commonwealth, having failed to obtain a continuance, moved to nolle prosequi the charge. The general district court judge denied the motion to nolle prosequi, took Neff's plea of not guilty, and called for the Commonwealth to present its case. Notwithstanding the court's directive, the Commonwealth refused to

-

go forward with its evidence.  The court, having full authority to hear the evidence and convict or acquit Neff of the Class 1 misdemeanor charged in the warrant, dismissed the charge without swearing any witnesses or hearing any evidence.  Had the court called and sworn a witness, Neff would have been subjected either to the danger of conviction or the benefit of acquittal.  A subsequent dismissal for lack of evidence would have then constituted a judgment on the merits.  See Goolsby v. Hutto, 691 F.2d 199, 202 (4th Cir. 1982).  Here, however, the dismissal of the charge against Neff "amounted to no more than the assent of the [judge] to a cessation of the proceedings, without any examination whatever of the cause upon its merits.  It was the equivalent of a nolle prosequi—nothing more—and could not" actually or constructively establish the guilt or innocence of the accused.  Ward v. Reasor, 98 Va. 399, 403, 36 S.E. 470, 471 (1900), overruled on other grounds by Graves v. Scott, 104 Va. 372, 51 S.E. 821 (1905); see also Cantrell v. Commonwealth, 7 Va. App. 269, 281, 373 S.E.2d 328, 334 (1988) (holding that a nolle prosequi entered before jeopardy attaches neither functions as an acquittal nor bars further prosecution on the same charge).

We hold, therefore, that, because no witnesses were sworn or evidence taken, the general district court's dismissal of the DUI, second offense, charge against Neff, following the Commonwealth's refusal to present any evidence, did not constitute a final judgment on the merits.  Consequently, Neff's subsequent

-

indictment and prosecution in the circuit court on the same charge were not barred by the doctrine of <u>res</u> <u>judicata</u>.

Hence, we conclude the trial court did not err in denying Neff's motion to quash the indictment.  Accordingly, we affirm Neff's conviction.

<u>Affirmed.</u>


A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk


-