# CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk

v.

Damon Carr

October 28, 2005

Case No. CR05000733

BY JUDGE JEROME JAMES

This matter comes before the court on the defendant's Motion to Dismiss his conviction. The defendant contends that the dismissal of the assault and battery charge against him on November 19, 2004, precludes his subsequent conviction on the same charge on January 26, 2005. The court has carefully considered the arguments of both sides, which were raised in their briefs. For the following reasons, the court denies the defendant's Motion to Dismiss.

## Facts

The Commonwealth charged Damon Carr with the assault and battery of Tanya Ray Taylor on September 30, 2004. When the case came to trial in General District Court on November 19, 2004, the complainant, Tanya Taylor, came late to court to testify. The case was called prior to her arrival, and, in the absence of any witnesses against the defendant, the charges were dismissed. Later that day, Tanya Taylor swore out a second warrant against Damon Carr for assault and battery. On January 26, 2005, the court found Damon Carr guilty of the assault and battery of Tanya Taylor.

*Discussion*

Defendant claims that his conviction for assault and battery is barred by the doctrine of res judicata because the charges against him were previously dismissed. In Virginia the doctrine of res judicata applies to criminal cases. *Neff v. Commonwealth*, 39 Va. App. 13, 18, 569 S.E.2d 72, 75 (2002). Res judicata "precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." *Id.*, 569 S.E.2d at 75. The defendant bears the burden of proving that the dismissal of the charges against him was a disposition on the merits. *Id.*, 569 S.E.2d at 75 ("One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that the issue was previously raised and decided by a tribunal in a prior cause of action.").

*Neff v. Commonwealth* contains facts similar to the case at bar. In *Neff*, the judge dismissed criminal charges against the defendant when the Commonwealth presented no witnesses to testify. *Id.* at 15-16, 569 S.E.2d at 73-74. The Commonwealth subsequently directly indicted the defendant on the same charges and won a conviction. *Id.* at 16, 569 S.E.2d at 74. On appeal the court upheld the conviction and found that res judicata did not apply because the dismissal of the initial charges was not a disposition on the merits of the case. *Id.* at 19, 569 S.E.2d at 75. The court held that the dismissal of criminal charges did not constitute a disposition on the merits because the court had not sworn in witnesses or heard evidence. *Id.* at 20, 569 S.E.2d at 75-76.

Res judicata does not bar Damon Carr's conviction for assault and battery because he has failed to prove that the dismissal of the charges against him constitutes a final judgment on the merits. The defendant bears the burden of proving that the dismissal of the charges against him was a final judgment on the merits, which occurs if witnesses have been sworn in and evidence has been taken. The defendant has not presented any evidence that the court swore in witnesses or heard evidence prior to dismissing the charges against him.

Because the evidence is insufficient to show that the dismissal of the charges against the defendant was a final disposition on the merits, res judicata has not been triggered. The defendant's Motion to Dismiss is denied.