COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


MICHAEL JOHN STAR, F/K/A
   MICHAEL JOHN McEVILY

                                                          MEMORANDUM OPINION*
v.        Record No. 1764-07-4                                   PER CURIAM
                                                              NOVEMBER 20, 2007

COMMONWEALTH OF VIRGINIA,
   DEPARTMENT OF SOCIAL SERVICES,
   DIVISION OF CHILD SUPPORT ENFORCEMENT,
   *ex. rel* CAROL JOHNSON


                FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                              John E. Wetsel, Jr., Judge

                    (Michael Star, *pro se*, on briefs).

                    (Robert F. McDonnell, Attorney General; Craig M. Burshem, Senior
                    Assistant Attorney General; Beth J. Edwards, Regional Senior
                    Assistant Attorney General; Nancy J. Crawford, Regional Senior
                    Assistant Attorney General; Josh S. Ours, Assistant Attorney
                    General, on brief), for appellee.


        Michael John Star, f/k/a Michael John McEvily (father) appeals from the circuit court's May

22, 2007 final order, denying his Motion to Vacate the circuit court's November 20, 2006 final

order.  Upon review of the record and the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court's decision.  See Rule 5A:27.[1]

                                            FACTS

        "On appeal, we view the evidence in the light most favorable to the prevailing party

below."  Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We deny father's Motion to Perpetuate Testimony.

Father filed a "Motion for Hearing to Dismiss a Void Judgment" in the Winchester Juvenile and Domestic Relations District Court (J & DR court).[2]  In that motion, father alleged that an August 30, 1996 Administrative Support Order ("the 1996 ASO") was void because he had never been served a support order in accordance with Code § 8.01-296, obligating him for monthly child support.  He alleged that the Department of Child Support Enforcement (DCSE) had harassed him over a debt that was obtained through fraud, and which, therefore, must be considered void *ab initio*.

On September 26, 2006, the J & DR court denied father's motion and dismissed it with prejudice.  In doing so, the J & DR court rejected father's claim that the 1996 ASO was void because it was served solely on father's employer.  The J & DR court found that because father requested a hearing on the 1996 ASO, he knew of that order and had an opportunity to be heard.  The J & DR court concluded that once father submitted himself to the hearing process, even if that appeal did not involve an issue of service, father waived any claim for lack of service.  The J & DR court ruled that "[o]nce [father] puts himself before the administrative hearing process of DCSE by requesting a hearing, he is submitting to a new hearing, and after that hearing, any errors in the initial order are irrelevant."  Father appealed that decision to the circuit court.

The circuit court held a pre-trial hearing on November 16, 2006, on father's appeal from the J & DR court.[3]  In its final order dated November 20, 2006, the circuit court noted that father was collaterally attacking the 1996 ASO based on an alleged lack of service on him.  The circuit court's November 20, 2006 final order granted DCSE's motion to dismiss on the grounds that father had initiated and participated in the administrative review process, and then failed to appeal to the

---

[2] The record indicates there is "No Filing Date" for that motion.

[3] The record does not contain a transcript or statement of facts with respect to what occurred at the November 16, 2006 hearing.  Nonetheless, we are able to reach the dispositive issue on this appeal.

J & DR court the October 7, 1996 administrative hearing decision sustaining the 1996 ASO. The circuit court found that father acknowledged he participated in the appeal hearing in October 1996, but claimed that hearing did not address the 1996 ASO and that he did not receive a copy of the October 7, 1996 order until he initiated the present proceeding. The circuit court specifically found that "[s]ince [father] appealed, the [1996 ASO] and participated in the appeal hearing, he voluntarily submitted himself to the hearing process thereby waiving any claim based upon lack of proper service and notice of the [1996 ASO]." The circuit court's November 20, 2006 order indicated "[t]his is a Final Order," and informed father of his right to appeal that decision to this Court.

Father filed a motion for reconsideration of the circuit court's November 20, 2006 order. The circuit court denied that motion by order entered November 21, 2006. In that order, the circuit court indicated that it had "found that [father's] appearance and participation in the October 1996 hearing was a general appearance which waived all questions about service of process and notice."

Father timely filed a notice of appeal to this Court appealing the circuit court's November 20, 2006 order, but later moved to withdraw the appeal. This Court granted that motion by order entered May 10, 2007.

On or about May 14, 2007, father filed, in the circuit court, a document entitled, "Motion to Vacate a Void Judgment" (Motion to Vacate), seeking to vacate the circuit court's November 20, 2006 final order. Father asserted that the 1996 ASO was never served on him in compliance with Code § 8.01-296, that he made only a special appearance to quash service at the October 7, 1996 hearing, that the results of the October 1996 appeal were never served on him in accordance with Code §§ 8.01-296 or 63.1-252.1, and that the circuit court's November 20, 2006 decision was based on upon false information presented to it during the hearing. Father alleged DCSE had perpetrated a fraud on the circuit court concerning whether the October 7, 1996 appeal was a general appearance by father.

- 3 -

By order entered May 22, 2007, the circuit court denied father's Motion to Vacate its November 20, 2006 final judgment, ruling it "had found that [father's] appearance and participation in the October 1996 hearing was a general appearance which waived all questions about service of process and notice."

Father timely appealed the circuit court's May 22, 2007 decision denying his Motion to Vacate.

On appeal, father presents the following questions: Whether (1) he was served the 1996 ASO in accordance with Code § 8.01-296; (2) he was served with an October 7, 1996 administrative hearing order (AHO) in accordance with Code § 63.1-252.1; (3) his participation in the October 7, 1996 hearing conducted by DCSE automatically meant that improper service of the ASO could not be contested at that hearing; (4) there was any evidence presented to the circuit court to substantiate that father's participation in the October 7, 1996 hearing was not a "special appearance," but rather a "general appearance"; and (5) the circuit court affirmatively determined the actual subject matter of the October 7, 1996 hearing, based upon the evidence that was presented to the court.

Pursuant to Rule 5A:21(b), the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement, *ex rel.* Carol Johnson presents the additional question of whether father's claims are barred by *res judicata* and collateral estoppel, in light of the circuit court's November 20, 2006 final order.[4]

_____

[4] In father's reply brief, he raises numerous additional "Supplemental Questions Presented." To the extent that those questions raise issues not raised by father in his opening brief and not specifically in response to DCSE's contentions in its brief, as permitted by Rule 5A:22, we have not considered them on appeal. Rather, we have only considered those arguments presented by father in his reply brief which respond to DCSE's contention that father's claims are barred by *res judicata* and collateral estoppel arising from the circuit court's November 20, 2006 order. Thus, we have not considered father's arguments involving whether he received proper notice that a trial would occur on November 16, 2006 or whether the circuit

- 4 -

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Neff v. Commonwealth, 39 Va. App. 13, 17-18, 569 S.E.2d 72, 74-75 (2002) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)).  The doctrine of *res judicata* provides as follows:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.  As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

Lofton Ridge, LLC v. Norfolk Southern Rwy. Co., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)).  "'A judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a final judgment on the merits.'" Highsmith v. Commonwealth, 25 Va. App. 434, 440-41, 489 S.E.2d 239, 242 (1997) (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 12 (1996)).

*Res judicata* applies in this case.[5]  In its May 22, 2007 order denying father's Motion to Vacate, the circuit court ruled that it had previously determined the issues raised by father by

---

court could amend its final order after twenty-one days to include a stipulation that the matter of CL-06-411 would be dismissed with prejudice.

[5] We reject appellant's contention that appellee's res judication argument is barred by Rule 5A:18.  "Rule 5A:18 expressly applies to an appellee only when the appellee asserts an error that seeks to reverse a judgment." Debroux v. Commonwealth, 32 Va. App. 364, 376 n.2, 528 S.E.2d 151, 157 n.2, aff'd on reh'g en banc, 34 Va. App. 72, 537 S.E.2d 630 (2000).

finding that father's appearance and participation in the October 1996 hearing was a general appearance which waived all questions about service of process and notice. The record shows that the same parties and cause of action were the subject of both father's May 22, 2007 Motion to Vacate and the trial court's November 20, 2006 final order, entered in father's *de novo* appeal from the J & DR court's denial of his Motion to Dismiss a Void Judgment. While father couched his subsequent action as a "Motion to Vacate" the circuit court's November 20, 2006 judgment, he sought the same remedy in that Motion to Vacate, i.e., that the circuit court vacate or declare void the 1996 administrative actions, as he requested and was denied by the circuit court in its November 20, 2006 final order.

Father's appropriate remedy was to appeal to this Court the circuit court's November 20, 2006 order, which he did. However, he subsequently withdrew that appeal, rendering the circuit court's November 20, 2006 order final and dispositive of the same substantive issues subsequently raised by father in his Motion to Vacate. Thus, any attempt by father through his Motion to Vacate to relitigate those issues that properly were raised or could have been raised and were the subject of the circuit court's November 20, 2006 final order, was barred by the doctrine of *res judicata*.

For the foregoing reasons, we summarily affirm the circuit court's May 22, 2007 order dismissing father's Motion to Vacate.

Affirmed.