COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Powell and Senior Judge Clements

CARMELLA SHARP

v.      Record No. 2712-09-2

KEITH SHARP

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 10, 2010

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Samuel E. Campbell, Judge

(John W. Thyden; Thyden, Gross & Callahan, LLP, on brief), for
appellant.

(Amanda Nicole Mann; Law Offices of David L. Cloninger, on
brief), for appellee.

Carmella Sharp (wife) appeals an order dismissing her petition to re-open the case and

affirming the final decree of divorce entered on January 28, 2008. Wife argues that the trial court

erred by (1) dismissing the case because wife failed to file an answer to the complaint within

twenty-one days of the order granting her motion to file a late answer; (2) not extending the time for

wife to answer the complaint for divorce; and (3) not conducting an evidentiary hearing on the

issues of equitable distribution, child and/or spousal support, and attorney's fees. Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly,

we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Wife and Keith Sharp (husband) were married on June 13, 1987 and divorced on January

28, 2008. Service on wife was obtained by service of publication. On June 2, 2008, wife filed a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

motion to re-open case and set aside default judgment. On June 5, 2008, the trial court entered an order re-opening the case and allowing wife to file an answer within twenty-one days. Wife failed to file an answer within the time allowed. On July 29, 2008, husband filed a motion to dismiss due to wife's failure to file an answer and asked the trial court to affirm the final decree entered on January 28, 2008. On August 7, 2008, wife filed a responsive pleading opposing the motion to dismiss and, at the same time, she filed her answer and counterclaim. On November 12, 2008, the trial court entered an order dismissing the matter and affirming the final decree entered on January 28, 2008. Wife appealed to this Court, but her appeal was dismissed because the notice of appeal was not timely filed.[1] In April 2009, wife filed a second petition to re-open the case, and husband filed a responsive pleading opposing the re-opening of the case. On November 23, 2009, the trial court entered an order dismissing the matter with prejudice, affirming the final decree entered on January 28, 2008, and awarding wife a portion of husband's military retirement benefits. Wife timely noted her appeal.

ANALYSIS

Issues 1 and 2

On December 19, 2008, wife filed a notice of appeal regarding the November 12, 2008 order, which dismissed the re-opened matter and affirmed the final decree entered on January 28, 2008. In the 2008 appeal, wife argued that the trial court (1) erred in dismissing the case; and (2) abused its discretion in not extending the time for wife to answer the complaint. Without addressing the merits of wife's appeal, this Court dismissed it by order dated March 27, 2009, due to wife's failure to timely file the notice of appeal.

The first two issues of this appeal are the same issues previously presented to the Court in wife's 2008 appeal.

---

[1] See Sharp v. Sharp, No. 2973-08-2 (Va. Ct. App. Mar. 27, 2009).

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Neff v. Commonwealth, 39 Va. App. 13, 17-18, 569 S.E.2d 72, 74-75 (2002) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)). The doctrine of *res judicata* provides as follows:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

Lofton Ridge, LLC v. Norfolk Southern Rwy. Co., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)). "'A judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a final judgment on the merits.'" Highsmith v. Commonwealth, 25 Va. App. 434, 440-41, 489 S.E.2d 239, 242 (1997) (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 12 (1996)).

*Res judicata* applies in this case. In wife's first appeal to this Court, she argued that the trial court erred in entering the November 12, 2008 order. This Court dismissed that appeal due to wife's failure to timely file a notice of appeal. Thus, any attempt by wife to relitigate these issues that properly were raised or could have been raised in her prior appeal is barred by the doctrine of *res judicata.*

<u>Issues 3 and 4</u>

Wife argues that the trial court erred, or abused its discretion, in not conducting an evidentiary hearing on the issues of equitable distribution, child and/or spousal support, and attorney's fees.

The record does not reflect if or where wife preserved this argument. Wife's counsel signed the final order as "Seen and objected to" and handwrote the following:

> The standard for division of an armed forces pension is years married, not years married and being together.

> It is an abuse of discretion to not entertain a motion for spousal support, given the fact of the defendant's being indigent.

Furthermore, the statement of facts simply states, "There was no evidence or testimony offered by either party. The hearing consisted entirely of argument of counsel." The statement of facts does not reveal counsel arguments. The record does not indicate that wife objected to the trial court not conducting an evidentiary hearing. Although wife objected to the trial court not "entertaining" her motion for spousal support, there is not sufficient information in the record for us to review the trial court's ruling.

Wife has the burden of showing that reversible error was committed. <u>See</u> <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Rule 5A:18 provided "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." <u>Lee v. Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). This Court "will not search the record for

errors in order to interpret the appellant's contention and correct deficiencies in a brief."

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Therefore, we will not consider these last two questions presented.

### Attorney's Fees

Husband asks this Court to award him attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed, and the case is remanded to the trial court to set a reasonable award of attorney's fees incurred by husband in this appeal. Rule 5A:27.

Affirmed and remanded.