COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Huff and Senior Judge Haley

REBECCA LEWIS

v.     Record No. 1139-12-1

STEPHEN BAILEY

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 4, 2012

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

(Andrew R. Sebok, on briefs), for appellant.

(Darrell M. Harding, on brief), for appellee.


Rebecca Lewis appeals from an order dismissing her request for contribution from Stephen Bailey for their child's private school tuition and child care costs.  Lewis argues that the trial court erred in (1) finding that she could not pursue contribution for private school tuition from Bailey, and (2) ordering her to pay Bailey's attorney's fees incurred in responding to the claim that he contribute to the cost of the child's private school tuition.[1]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Lewis also listed two questions presented, which were similar to the assignments of error.  Rule 5A:20(c) states that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  This Court considers only assignments of error and, as such, will not consider the questions presented.  We find that this failure to comply with Rule 5A:20 is significant.  Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Lewis and Bailey married on September 16, 1995, separated on January 29, 2001, and divorced on March 27, 2002. They had two children born of the marriage.

One child attended private school, and in 2008, Lewis sought financial assistance from Bailey in order to pay for the private school tuition. On July 6, 2010, the trial court entered an order stating, "this Court finds there is no Order between the parties as to Norfolk Academy, Cape Henry or any other private schools [sic] attendance and payment of tuition for same; therefore, [Lewis'] request for payment of private school tuition incurred prior to April 19, 2010 is hereby denied." The trial court continued to a subsequent date "the matters of child support determination and visitation determination, payment of private school tuition and determination of whether it is in the children's best interest to attend Norfolk Academy . . . ."

On November 12, 2010, the trial court entered an order reiterating that Lewis' "request for payment of private school tuition incurred prior to April 19, 2010 is hereby denied." Further, the order stated that Lewis' request that Bailey "pay the child's private school tuition since April 19, 2010 is denied."

Lewis appealed the November 12, 2010 order to this Court. Lewis listed five assignments of error relating to the trial court's rulings on private school:

> Lewis argues that the trial court erred in (1) finding that the existing order and agreements did not include the children's schooling at Cape Henry Collegiate School or Norfolk Academy; . . . (8) holding that the costs of private school were not part of Bailey's previous support obligation; (9) holding that the costs of private school were not part of Bailey's future child support obligation; . . . (11) all of its holdings and findings relating to the costs of the children's private schooling . . . and (14) not requiring

- 2 -

that further evidence be presented with respect to whether private school was in the children's best interests.

Lewis v. Bailey, No. 2596-10-1, 2011 Va. App. LEXIS 253, at *1-2 (Va. Ct. App. Aug. 2, 2011). This Court summarily affirmed the trial court's rulings. Id.

Prior to this Court issuing its ruling, Lewis filed a motion to amend in the Virginia Beach Juvenile and Domestic Relations District Court (the JDR court). In her motion, she stated, "Custodial parent petitions for contribution by the noncustodial parent to [sic] the cost of parties' children's private school" because "[a]t least one of the parties' children attends private school" and "[n]oncustodial parent does not contribute anything . . . ."[2] On November 29, 2011, the JDR court denied Lewis' motion. Lewis appealed to the circuit court.

In the circuit court, Bailey filed a motion to dismiss and sought an award of attorney's fees. The trial court heard argument on March 15, 2012. Bailey argued that Lewis was litigating the same issues that had been decided recently by the courts.[3] Lewis argued that there was a change of circumstances because tuition had increased and she had a new letter from the child's therapist recommending that the child stay in her school.[4] The trial court agreed with Bailey and held that there was no material change of circumstances and the matter was barred by *res judicata*. The trial court further ordered Lewis to pay $3,000 for Bailey's attorney's fees. This appeal followed.

---

[2] Lewis filed another motion to amend, and specifically stated that she sought contribution from Bailey for private school tuition because the cost of tuition increased.

[3] Bailey told the trial court, "So we're back here before you a year-and-half later basically on the exact same issues as before."

[4] The trial court previously considered two letters from the same therapist who recommended that it was not in the child's best interests to change schools. See Lewis, 2011 Va. App. LEXIS 253, at *10.

ANALYSIS

Issue 1 – *Res judicata*

Lewis argues that the trial court erred in holding that she could not seek contribution for private school tuition from Bailey because it was barred by *res judicata*.

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Neff v. Commonwealth, 39 Va. App. 13, 17-18, 569 S.E.2d 72, 74-75 (2002) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)). "A person seeking to assert *res judicata* as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 789 (1989) (citing Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)).

In 2010, the trial court ruled that Bailey was not obligated to pay for private school tuition for his children. Lewis appealed this decision and argued that the trial court erred in its ruling regarding private school. See Lewis, No. 2596-10-1 (Va. Ct. App. Aug. 2, 2011). Before this Court issued its ruling, Lewis filed a motion to amend in the JDR court and asked the JDR court to order Bailey to contribute to the cost of private school.[5] The JDR court denied her

---

[5] Lewis' motion to amend, dated July 12, 2011, states as follows: "Custodial parent petitions for contribution by the noncustodial parent to [sic] the cost of parties' children's private school. Custodial parent also petitions that noncustodial parent pay the cost of child care reasonably incurred by the custodial parent." Lewis stated that she sought these modifications because "Custodial parent incurs child care costs as a result of her employment. At least one of the parties' children attends private school. Noncustodial parent does not contribute anything to either of the aforesaid costs." Lewis' counsel filed another motion to amend on her behalf, which was dated November 29, 2011. In that motion to amend, Lewis requests, "Mr. Stephen Bailey be required to contribute to the payment of cost of private school tuition" because "tuition cost has increased while [Lewis'] available $ has decreased."

petition. In the circuit court, Lewis argued that the cost of private school tuition increased and she had a new letter from the child's therapist. Bailey asserted that Lewis was asking for the same remedy as she previously sought, and nothing had changed since they were last in court. Bailey pointed out that Lewis previously presented letters from the child's therapist that the child should remain in private school, and the trial court considered them.

The trial court explained in its ruling that Lewis filed her claim prematurely, since she filed her motion to amend before this Court issued its ruling. In addition, the trial court found the issue regarding private school tuition was the "exact same issue[]" that was previously argued and decided by the trial court and this Court. Contrary to Lewis' argument on appeal, the trial court noted that it had continuing jurisdiction over child support matters. However, in this situation, the trial court found that there was no material change in circumstances, "especially when you consider the grounds listed by [Lewis]" in her motion to amend. Thus, the matter was precluded by *res judicata.*

"In the absence of a material change in circumstances, reconsideration of support that has been previously adjudicated after considering the guidelines would be barred by principles of *res judicata.*" Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993).

Lewis' motions to amend did not illustrate a material change of circumstances since the 2010 court orders, and she did not raise any material change of circumstances at the hearing. Although the cost of tuition was more and she had a more recent letter from the child's therapist, this evidence did not differ from what she previously offered the court. Lewis' request for contribution to the private school was based on the same arguments that she previously made to the trial court and this Court. Therefore, the trial court did not err in holding that there was no material change of circumstance and, therefore, Lewis' request for contribution toward private school was barred by *res judicata.*

<u>Issue 2 – Attorney's fees</u>

Lewis argues that the trial court erred in awarding attorney's fees to Bailey. In issuing its ruling, the trial court stated, "I'm not finding harassment, but the Court feels that, looking at the totality of the circumstances, that the father is entitled to attorney's fees of $3,000."

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" <u>Richardson v. Richardson</u>, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).[6]

Bailey presented evidence that he incurred $3,875 in attorney's fees. Lewis contends the trial court erred in its ruling on attorney's fees because it erred in its ruling on private school tuition. However, we have affirmed the trial court's ruling and rejected Lewis' arguments. Furthermore, there is no evidence that the trial court abused its discretion in awarding $3,000 in attorney's fees.

CONCLUSION

For the foregoing reasons, the trial court's rulings are summarily affirmed. Rule 5A:27.

<u>Affirmed</u>

---

[6] Although not raised as an issue on appeal, we note that in cases arising from the juvenile and domestic relations district court, Code § 16.1-278.19 requires an award of attorney's fees to be "based on the relative financial ability of the parties." <u>See</u> <u>Lynchburg Dep't of Soc. Servs. v. Cook</u>, 276 Va. 465, 484, 666 S.E.2d 361, 371 (2008).